J. W. RING *v.* J. S. MAYBERRY.

(Filed 7 April, 1915.)

**1. Injunction—Deeds and Conveyances—Covenants.**

A conveyance of a part of the grantor's lands, adjoining his building, with covenant on the part of the grantee, for himself, his heirs and assigns, that he will erect and perpetually maintain a stairway between the plaintiff's building and one to be erected by himself next to it, is a binding covenant running with the lands, and is enforcible.

2. **Deeds and Conveyances—Covenants of Grantee—Acceptance—Easements.**
     The acceptance of a deed to lands containing a covenant running with
     the land on the part of the grantee is equivalent in this case to the grant
     of an easement.

3. **Deeds and Conveyances—Covenants of Grantee—Equity—Mutual Mistake
     —Parol Evidence.**
     A deed may be corrected by parol evidence so as to show the omission,
     by mutual mistake, of a covenant on the part of the grantee, running
     with the lands conveyed.

4. **Injunction — Restraining Order—Deeds and Conveyances—Covenants of
     Grantee—Erection of Stairways—Mandatory Injunction.**
     In a suit to restrain the breach of a covenant to maintain a stairway
     for the use of the plaintiff, an adjoining owner, there was allegation and
     proof that this stairway had been maintained for a period of years in a
     building which had been destroyed, and that the defendant was erecting a
     new building in its place in such manner as to leave it out. *Held*, an
     order restraining the construction of the building as stated, without leav-
     ing open a space for the stairway, was proper, as it was conducive to
     the less inconvenience; and the objection of the defendant that a manda-
     tory injunction was the proper remedy to be sought was rendered nuga-
     tory.

APPEAL by defendant from *Lyon, J.,* at chambers in Winston, 18 Sep-
tember, 1914; from SURRY.

*L. F. Hendren and W. F. Carter for plaintiff.*
*A. E. Holton and J. H. Folger for defendant.*

CLARK, C. J.   The plaintiff obtained a temporary restraining order to
prevent the defendant from completing a brick store in Elkin, N. C., on
the allegation that the defendant is under obligation to build a stairway
between the defendant's building and one adjacent thereto owned by the
plaintiff, and that he was proceeding to erect the building without any
provision for such stairway.   At the return of restraining order the court
modified the order so as to authorize the defendant to proceed with the
construction of said building, "provided he shall, in the construction of
the same, leave a space between the buildings of plaintiff and defendant,
as described in the petition, sufficiently wide for the construction of the
stairway, claimed by plaintiff, leading from the sidewalk to the second
story of the plaintiff's said building, if on final hearing it shall be de-
creed that said stairway shall be built"; and the restraining order, as
thus modified, was continued to the hearing.

According to the affidavits for the plaintiff, he sold to one R. L. Poin-
dexter the lot on which this building is now being erected, with an agree-
ment that said Poindexter should build a stairway from the sidewalk up
to the second story of the building which has been erected by plaintiff

on the lot and along the wall of plaintiff's building, at his (Poindexter's) cost; that plaintiff and his heirs and assigns should have the perpetual use of the said stairway for the benefit of plaintiff's building; that subsequent to this transaction R. L. Poindexter orally contracted to sell and convey said lot to the defendant, who entered into the same agreement as to the building of the stairway as had been made between R. L. Poindexter and the plaintiff; that the defendant, in completing the building, put up. a stairway as agreed upon; but the building and stairway being destroyed by fire in 1913, the defendant is now proceeding to put up the building without erecting said stairway.

When the building was put up by the defendant the stairway was constructed, and at the request of R. L. Poindexter the plaintiff executed a deed to the lot to the defendant. The plaintiff avers that this deed contained a covenant that the building should contain said stairway for the use of the adjoining lot, and the plaintiff has no way of reaching the second story of his building except by the stairway agreed to be built and maintained. The plaintiff further avers that the defendant, who received from him said deed, has failed to record the same, and that if this deed does not contain the said covenant it was omitted by mutual mistake, and he asks, in that event, for the correction of the deed. The stairway was maintained by defendant and was used by the plaintiff for fourteen years prior to the fire, without any objection on the part of the defendant and without demanding any compensation for its use.

The defendant contends that the remedy of the plaintiff is a mandatory injunction to compel the building of a stairway, and not a preventive injunction against the construction of the building. This objection has been obviated by the modification which was made in the order permitting the erection of the building, leaving open a space for said stairway until the determination of the facts at the hearing.

The defendant further contends that the plaintiff has shown no right to such order, and that the temporary injunction should have been dissolved. But this was a covenant running with the land. Aside from the express averment of the creation of the easement, the acceptance of the deed containing a covenant on the part of the grantee is equivalent to the grant of an easement by the defendant. Such covenants run with the land and are not at all unusual. They are good even against assignees in fee, where the intention to create them is clear. 11 Cyc., 1045 B, 1058-9, 1091e, 1092; *Norfleet v. Cromwell,* 64 N. C., 1

If there were such covenant to maintain the stairway, and the same was omitted from the deed through the mutual mistake of the parties, it can be corrected by parol evidence. Adams Eq., 348, 349, note; 2 Pomeroy Eq. Jur., secs. 853, 857, 859, 866, 870. The evidence shows that this stairway was maintained by the defendant for use of the plaintiff for fourteen years up to the fire.

In a proceeding of this nature much will depend upon whether the greater inconvenience will be suffered by denying or granting the restraining order to the hearing when the facts can be determined. High on Inj. (4 Ed.), sec. 13. We think that in view of the modification of the order made by the judge in continuing the injunction to the hearing, there was less inconvenience and detriment in requiring the space to be left open for the stairway until such determination of the facts, and the judgment is

Affirmed.