The parties have executed and filed a written stipulation of the facts that it is admitted would have been proved on a *Page 533 
final hearing. The complainant is the owner of a lot of land designated as lot L, in city block 316, on the official assessment map of Jersey City. Lot K immediately joins the complainant's lot and lies to the east thereof, and immediately to the east of lot K lies lot J on the same map, and both K and J are the property of the defendants. The defendants have been granted municipal authority for the construction of a three-story brick building to accommodate five families and two stores upon their lots, the front line of which will extend along the northerly line of Fourth street.
Complainant's lot comes through a chain of title from a deed made by Edward Coles to Sarah Verrender, dated August 1st, 1864, which contains the following language:
"It being understood and agreed that no building is to be erected on the said lot within thirty feet of said Fifth street."
(Now Fourth street.) In the chain of title to the defendants' lot K, the first and only reference ever made to a restrictive use thereof is contained in a conveyance made by Edward Coles to Abraham Hooley, dated March 1st, 1864. This is contained in the following language:
"Being part of the same premises conveyed by John B. Coles and others, to Edward Coles, by deed dated November 18th, 1847, recorded in the office of the clerk of Hudson county in Liber . ., page . . . This conveyance being subject to the agreement in said deed relative to setting back the buildings erected thereon from the line of the street thirty feet."
The deed of November 18th, 1847, referred to in the foregoing quotation, conveys lots K, L, M and N, but contains no language of any kind as to any restrictions of any of those lots or any set back from the building line.
The defendants' lot J was conveyed by a deed from John B. Coles and others to William Ludwig Broking, bearing date February 13th, 1852, and was made subject to the following:
"It being expressly understood and agreed that the buildings to be erected on the said premises shall be of brick or stone, and of the value of not less than $1,200 each, and that the buildings to be *Page 534 
erected on aforesaid premises shall be set back from Gilbert street [now Fourth street], on a line with the row of buildings now erected on said block."
The recitals in full relative to restrictions, contained in the deed conveying lots K and J to the defendants, are as follows:
"Said first tract being also known as lot J in block 316, and said second tract being also known as lot K in block 316, said lot J being subject to certain restrictions contained in deed by John B. Coles et al., to Wilhelm L. Broking, dated February 13th, 1852, and recorded in book 32, page 278, of deeds for Hudson county, and lot K being subject to a party wall agreement in deed by Edward Coles and wife, to Abraham Hooley, Jr., dated March 1st, 1864, recorded in book 109, page 150, for deeds of Hudson county, and statement contained therein as to certain restrictions."
The party wall agreement referred to in the deed conveying lots K and J to the defendants is contained in a deed of Edward Coles and wife to Abraham Hooley, Jr., dated March 1st, 1864, and provides, in effect, that the premises conveyed are to have the use of the brick wall of the building immediately to the west as a party wall, and if it shall be rebuilt that the new wall shall not be a party wall and the same shall be set back six inches "and on a line with the other westerly line" of the lot conveyed, and the land thus vacated to become the property of Hooley.
In the conveyance of lot J, no restriction is mentioned, from and including a deed of Broking to Wellwood in 1854, until a deed by M.T. Rosenberg, special master, in June, 1922. The recitals in the special master's deed are identical with those in the deed conveying lots J and K to the defendants.
Abraham Hooley became seized of both lots J and K in 1864, and they came to the defendants through a single chain of title thereafter.
All the buildings on the northerly side of Fourth street, between Jersey avenue and Cole street, are set back thirty feet from the northerly side of Fourth street, including a dwelling-house on a part of lot J which faces upon Jersey *Page 535 
avenue, the southerly side wall of which is on a line with the southerly walls or front walls of the houses facing on Fourth street.
The remaining stipulation deals with the proof that the building of the defendants' structure will be along the building line and, therefore, its southerly wall will be thirty feet south of the line of houses now existing on Fourth street between Jersey avenue and Cole street.
No general plan or scheme of development has been shown to exist in and about the land owned by the respective parties.DeGray v. Monmouth Beach Club House Co., 50 N.J. Eq. 329. The conveyance of the complainant's lot L and the defendants' lot K was originally without any restrictions whatsoever. Lot K has never been officially restricted, notwithstanding the attempt to do so in the deed from Coles to Hooley, dated March 1st, 1864. Restrictions are in derogation of the common law, and the attempt to restrict, in the deed just mentioned, was ineffectual.
In every case with which I am familiar, bearing upon this subject, the restrictive use has been incorporated in every deed by the common grantor, such as DeGray v. Monmouth Beach, c.,supra; Mulligan v. Jordan, 50 N.J. Eq. 363; McNichol v.Townsend, 73 N.J. Eq. 276; Leaver v. Gorman, 73 N.J. Eq. 129;Henderson v. Champion, 83 N.J. Eq. 554, and Soull v.Eilenberg, 94 N.J. Eq. 759.
Vice-Chancellor Green distinctly pointed out this necessity inDeGray v. Monmouth Beach, c., Co. (at p. 340), when he says that the scheme may be enforced where, among other things, "the covenants are actually inserted in all deeds for lots sold in pursuance of the plan."
The defendants' lot K being unrestricted, there is no reason that the defendants should be enjoined from building upon the restricted lot J belonging to the defendants.
The unrestricted lot K lies immediately between and adjoins lot L to the west and lot J to the east. The complaint of the complainant is, of course, by reason of the disadvantage to which his property will be put if it is overshadowed by the westerly wall of a building to be erected on lot K. If, however, such a building is constructed *Page 536 
on lot K, any improvement of lot J would not be of the slightest concern to the owner of lot L, because the damage will already have been done. But inasmuch as lot K is unrestricted and it is beyond the authority of this court to enjoin the building intended to be erected there, the injunctive relief sought against the construction on lot J would not be of the slightest benefit to the complainant, would seriously depreciate the value of lot J, and, therefore, the injunctive relief sought as against both lots ought to be denied.
I will advise an order discharging the order to show cause and the restraint therein contained.