MARVIN C. HULLETT AND WIFE, FRANCES C. HULLETT v. CLIFFORD LEE GRAYSON AND WIFE, BARBARA J. GRAYSON.

(Filed 13 October, 1965.)

1. Deeds § 19—

Restrictive covenants are not favored and are to be strictly construed against limitation on use.

2. Same—

A restrictive covenant against a temporary building, garage, garage apartment or trailer for temporary or permanent use *held* ambiguous, and the courts will not restrain the use by the grantee of a detached garage of permanent-type construction.

APPEAL by plaintiffs from *Huskins, J.*, May 31, 1965, Regular Civil Session of MECKLENBURG.

*James B. Ledford and L. Glenn Ledford for plaintiffs.*
*Hasty, Hasty and Kratt for defendants.*

PER CURIAM. Plaintiffs sue for a mandatory injunction to require defendants to remove from their (defendants') property a garage. Plaintiffs allege that the structure violates a restrictive covenant which runs with the land.

Plaintiffs own Lot 9 in Block A, and defendants own Lot 3 in Block A, of a subdivision as shown on a map recorded in Map Book 7, at page 593, Registry of Mecklenburg County. Defendants' residence is located on their lot. Plaintiffs' and defendants' lots are subject to restrictive covenants, among others the following:

"No temporary building, garage, garage apartment or trailer shall be erected thereon for temporary or permanent use."

Defendants have erected on their lot a building, detached from their dwelling. The building is of permanent, rather than temporary, construction and is for use as a garage.

Plaintiffs contend that the garage violates the above restriction. They say that the adjective "temporary," which immediately precedes the noun "building," modifies "building," but not "garage," "garage apartment" or "trailer," that the phrase "for temporary or permanent use" bears out this construction, and that the restriction prohibits the erection of a separate detached garage, temporary or permanent, on the lot.

On the other hand, defendants insist that the adjective "temporary" preceding the word "building," modifies "building," "garage," "garage apartment" and "trailer," that the phrase relating to use means that any

such temporary structure may not be used either temporarily or permanently, and that the restriction does not prevent the erection of a detached garage of permanent construction.

The facts are not in dispute; the controversy relates solely to the interpretation of the restriction quoted above. The court below, being of the opinion that "the restriction does not prevent the erection upon said property of a detached garage of permanent type construction," denied injunctive relief and dismissed the suit.

The restriction is ambiguous and its language is susceptible of various conflicting interpretations. When it is considered in relation to other restrictions imposed by the deed, its meaning becomes even more doubtful. Restrictive covenants are not favored and are to be strictly construed against limitation on use. In the absence of clear and unequivocal expressions, restrictive covenants are not to be expanded and all doubts are to be resolved in favor of the free use of the property. *Scott v. Board of Missions*, 252 N.C. 443, 114 S.E. 2d 74. The restriction in question is of such doubtful meaning that the court, in the exercise of its equity jurisdiction, could not in good conscience grant the relief sought in this action.

Affirmed.