HUGH M. CUMMINGS, III AND WIFE, REBECCA C. CUMMINGS, v. DOSAM, INC.

(Filed 28 February, 1968.)

**1. Deeds § 19—**

A covenant restricting the use which the grantee may make of land conveyed to him or of land owned by him is deemed a grant by him of a negative easement in such land.

**2. Same—**

Restrictive covenants are not favored and will be strictly construed in favor of the free use of land.

**3. Easements § 8—**

The description of an easement in a deed must identify the land with reasonable certainty.

**4. Deeds § 19—**

A covenant in a deed purporting to impose restrictions upon the use of a tract of land conveyed by the grantor and upon "adjoining tracts being acquired by grantee" fails to impose restrictions upon other tracts already owned by the grantee, since the covenant does not contain a sufficient description of the intended servient estate.

**5. Boundaries § 10—**

The description in a deed must be interpreted as of the date the deed was executed, and if the description was not sufficiently certain at that time, it does not become so later by the occurrence or nonoccurrence of some other event.

**6. Same—**

A patent ambiguity in the description of land cannot be removed by parol evidence.

**7. Deeds § 19—**

A purchaser of land is chargeable with notice of restrictive covenants if such covenants are contained in any recorded deed in his chain of title.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *McKinnon, J.,* at the May 1967 Civil Session of ALAMANCE, docketed and argued as No. 851 at Fall Term 1967.

The plaintiffs sued to enjoin the defendant from using certain land owned by it, known as the Cobb property, in violation of restrictions alleged by the plaintiffs to be applicable to such property and binding upon the defendant. The defendant in its answer denied that the Cobb property was subject to such restrictions upon its use and alleged that the property was conveyed to it free from any restrictions.

Upon the filing of the action, a temporary restraining order was entered, which apparently was continued in effect until the final hearing of the matter. At the final hearing in the superior court, the parties having waived a jury trial, the court found facts, entered its conclusions of law thereon, denied injunctive relief and dissolved the temporary injunction. The plaintiffs gave notice of appeal to this Court and thereupon the superior court entered a further order enjoining the defendant from constructing upon the property proposed retail business establishments pending a final decision upon the appeal.

The plaintiffs took no exception to any finding of fact by the superior court. Those findings, summarized except as otherwise indicated, were:

1. On 10 May 1965 the plaintiffs conveyed to Merrimac Realty and Development Company, a corporation, hereinafter called Merrimac, 3.6 acres of land, the deed containing the following provision:

> *"Covenants and Agreements on the Part of the Grantee.*
>
> It is hereby covenanted and expressly agreed by the Grantee for itself, its successors, and assigns, as a part of the consideration aforesaid and as an inducement to the execution of this deed by the Grantors, that *on this tract and adjoining tracts being acquired by Grantee (containing in the aggregate approximately 10 acres)* Grantee shall construct or cause to be constructed buildings to house retail business establishments for occupancy by no more than four of such establishments, none of which establishments shall be a drug store. These covenants shall expire on May 10, 1975, shall inure to the benefit of the Grantors, their heirs and assigns, and shall run with the land."
> (Emphasis added.)

2. Prior to the execution of the foregoing deed, Merrimac had leased or acquired by deed the following four additional tracts: 1.422 acres by lease from J. J. Carroll and wife; 1.287 acres by deed from Luther M. Cobb, Jr., and wife; 3.877 acres by deed from J. R. Kernodle and wife; and 0.689 acres by deed from J. J. Carroll and wife. (A total of 10.875 acres, including the tract conveyed by the plaintiffs.)

3. The Kernoodle tract and the two Carroll tracts are contiguous with the tract so conveyed by the plaintiffs, joining it on the southern, eastern and northern sides thereof, respectively. The Cobb tract is not contiguous with the tract so conveyed by the plaintiffs, but is contiguous with the two Carroll tracts. (That is, the Cobb tract is

separated from the land so conveyed by the plaintiffs by the two Carroll tracts.)

4. Two days after the deed to it from the plaintiffs, Merrimac executed a deed of trust as security for a construction loan, therein describing by metes and bounds as one tract all five of the above tracts so acquired by it.

5. On 15 September 1965 Merrimac conveyed to Plaza Associates, a partnership, all of the above tracts, describing them by metes and bounds as one tract. This deed contained the following provision:

> "This conveyance is also made subject to those certain restrictions contained in the deed from Hugh M. Cummings, III and wife, Rebecca C. Cummings, as Grantors, to Merrimac Realty and Development Co., which deed is recorded in Book 327, Page 171 of the Alamance County, North Carolina, Registry."

6. On 29 December 1966 Plaza Associates, the partnership, conveyed to the defendant, Dosam, Inc., the Cobb tract. In this deed to Dosam, Inc., there is no reference to any restriction or encumbrance of any kind.

7. The Cobb tract was part of the "adjoining tracts being acquired by Grantee (containing in the aggregate approximately 10 acres)," referred to in the deed from the plaintiffs to Merrimac, both within the contemplation of the parties to that deed and within the meaning of that phrase as used therein. (The defendant excepted to this finding.)

8. The defendant "is proposing to construct upon the 'Cobb' tract * * * certain buildings which together with the existing buildings on the Cummings, Kernodle and Carroll tracts would have in excess of four (4) retail establishments situated upon said combined * * * tracts."

9. Don Schaaf and Samuel Longiotti were stockholders and officers of Merrimac. They were partners in Plaza Associates. They are the owners of the majority of the stock of Dosam, Inc., and are its officers.

10. The plaintiffs own an interest in real estate across the street from the property in question and an interest in a shopping center in the immediate vicinity.

Upon the foregoing findings of fact the court reached the follow-

ing conclusions of law, to each of which the plaintiffs duly excepted and each of which they now assign as error:

"1.   The paragraph entitled *'Covenants and Agreements on the Part of the Grantee'* contained in the deed from Hugh M. Cummings, III and wife to Merrimac Realty and Development Company, Deed Book 327, Page 171 (P, Ex-1) is *not* contained in any instrument appearing in the chain of title of Dosam, Inc. with respect to 'the Cobb Property', Deed Book 342, Page 6 (P, Ex-7).

"2.   The reference in the deed from Merrimac Realty and Development Company to Plaza Associates of Burlington (P, Ex-6)

'This conveyance is also made subject to those certain restrictions contained in the deed from Hugh M. Cummings, III and wife, Rebecca C. Cummings, as Grantors, to Merrimac Realty and Development Co., which deed is recorded in Book 327, Page 171 of the Alamance County, North Carolina Registry.'

is not legally sufficient to extend and make such restrictions binding upon Dosam, Inc.

"3.   Under the allegations of the complaint and the evidence offered the identity and relationship of the corporate officers and stockholders of Dosam, Inc. to the partners of 'Plaza Associates of Burlington' and officers and stockholders of Merrimac Realty and Development Company is not sufficient to charge Dosam, Inc. with responsibility for compliance with the paragraph entitled *'Covenants and Agreements on the Part of the Grantee'* of the Cummings deed (P, Ex-1).

"4.   Plaintiffs are not entitled to injunctive relief against Dosam, Inc., the defendant herein."

Each of the foregoing deeds, the lease and the deed of trust was recorded, the finding of the court with respect to such instrument citing the book and page of recordation.

*Ross, Wood & Dodge and Fred Darlington, III, for plaintiff appellants.*
*Sanders & Holt and R. Chase Raiford for defendant appellee.*

LAKE, J.   A grantee, who accepts a deed containing otherwise valid covenants purporting to bind him, thereby becomes bound for the performance of such covenants. *Realty Co. v. Hobbs,* 261 N.C.

414, 135 S.E. 2d 30; *Barrier v. Randolph,* 260 N.C. 741, 133 S.E. 2d 655. Such a covenant restricting the use which the grantee may make of the land so conveyed to him is deemed a grant by him of a negative easement in such property. *Ring v. Mayberry,* 168 N.C. 563, 84 S.E. 846. See also: *Callaham v. Arenson,* 239 N.C. 619, 80 S.E. 2d 619; *Craven County v. Trust Co.,* 237 N.C. 502, 75 S.E. 2d 620. It necessarily follows that such a covenant which purports to restrict the use he may make of other land owned by him is to be deemed a grant or attempted grant by him of such an easement in that land. Thus, the construction and the sufficiency of the provision are to be determined by the principles of law applicable to the creation of such an easement by deed.

The law looks with disfavor upon covenants restricting the free use of land. *Hege v. Sellers,* 241 N.C. 240, 84 S.E. 2d 892; *Julian v. Lawton,* 240 N.C. 436, 82 S.E. 2d 210. In *Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197, this Court, speaking through Barnhill, J., later C.J., said, "Restrictive covenants cannot be established by parol evidence or otherwise save by a recordable instrument containing adequate words so unequivocally evincing the party's intention to limit the free use of the land that its ascertainment is not dependent on inference, implication or doubtful construction." It is well established that such covenants are to be strictly construed in favor of the free use of the land. *Lamica v. Gerdes,* 270 N.C. 85, 153 S.E. 2d 814; *Hullett v. Grayson,* 265 N.C. 453, 144 S.E. 2d 206; *Shuford v. Oil Co.,* 243 N.C. 636, 91 S.E. 2d 903; *Ingle v. Stubbins,* 240 N.C. 382, 82 S.E. 2d 388; *Callaham v. Arenson, supra; Craven County v. Trust Co., supra; Davis v. Robinson,* 189 N.C. 589, 127 S.E. 697. Any doubt or ambiguity will be resolved against the validity of the restriction. *Edney v. Powers,* 224 N.C. 441, 31 S.E. 2d 372. Thus, if the nature and extent of the intended restriction cannot be determined with reasonable certainty from the language of the covenant, it will not serve as the basis for the issuance of an injunction forbidding the owner of the land to use it for a purpose otherwise lawful and proper. *Hullett v. Grayson, supra.*

The covenant by the grantee in the deed from the plaintiff to Merrimac is far from clear. Does it impose a duty upon the grantee to construct buildings for retail business establishments, or is it intended to limit its right to do so? Does it limit the total number of buildings to four, or does it mean that each building is to contain no more than four units for the housing of retail business establishments? Does the mandate or limitation apply to each tract separately, or to the combined tracts as one unit?

It is equally well established that a deed granting an easement

must describe the land burdened with the easement. In *Gruber v. Eubank,* 197 N.C. 280, 148 S.E. 246, Brogden, J., speaking for the Court, said, "An easement, of course, is an interest in land, and, if it is created by deed, either by express grant or by reservation, the description thereof must not be too uncertain, vague and indefinite." In *Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484, Barnhill, J., later C.J., speaking for the Court, said:

> "When the easement — here a passageway — is created by deed, either by express grant or by reservation, the description thereof must not be so uncertain, vague and indefinite as to prevent identification with reasonable certainty.
>
> "If the description is so vague and indefinite that effect cannot be given the instrument without writing new, material language into it, then it is void and ineffectual either as a grant or as a reservation.
>
> "The description must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers.
>
> \*          \*          \*
>
> "If the ambiguity in the description in a deed is patent the attempted conveyance or reservation, as the case may be, is void for uncertainty. And a patent ambiguity is such an uncertainty appearing on the face of the instrument that the court, reading the language in the light of all the facts and circumstances referred to in the instrument, is unable to determine *therefrom* the intention of the parties as to what land was to be conveyed. This type of ambiguity cannot be removed by parol evidence since that would necessitate inserting new language into the instrument which under the parol evidence rule is not permitted." (Emphasis added.)

G.S. 8-39 provides that in an action for the possession of or title to land, parol evidence may be introduced to "identify the land sued for, and fit it to the description contained in the paperwriting offered as evidence of title." However, as we said in *McDaris v. "T" Corporation,* 265 N.C. 298, 144 S.E. 2d 59, "The purpose of parol evidence is to fit the description to the property, not to create a description." As Higgins, J., speaking for the Court in *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321, said with reference to the sufficiency of a description in a deed, "The description must identify the land, or it must refer to something that will identify it with certainty." The same principle applies to the description of the servient estate in a deed granting an easement.

The covenant upon which the plaintiffs rely purports to impose a restriction upon the use of "this tract [*i.e.*, the land conveyed by the grantors to Merrimac] and adjoining tracts being acquired by Grantee (containing in the aggregate approximately 10 acres)." Upon the basis of deeds offered in evidence by the plaintiffs, the superior court found that the tract now in question, and tracts separating it from the land coneveyed by the plaintiffs to Merrimac, were conveyed to Merrimac by other grantors prior to the execution of the deed to Merrimac from the plaintiffs. Does the expression "adjoining tracts being acquired" by the grantee point with certainty to tracts already owned by the grantee? The term is patently ambiguous. On its face, it applies, at least equally well, to other lands which the grantee may then have been in the process of acquiring or attempting to acquire. It must be interpreted as of the date the deed containing it was executed. See 23 Am. Jur. 2d, Deeds, § 222. If the description was not sufficiently certain at that time, it does not become so later by the occurrence or nonoccurrence of some other event. Thus, the fact that Merrimac actually did not thereafter acquire other "adjoining tracts" does not establish that the tracts previously acquired by it were the ones contemplated by the expression "tracts being acquired." As of the date this deed was executed, that expression does not point with certainty to the tracts already deeded to Merrimac by other grantors.

A patent ambiguity in the description of the land to be burdened by the restriction cannot be removed by parol evidence. *Thompson v. Umberger, supra.* Thus, the covenant upon which the plaintiffs rely fails, insofar as it relates to tracts other than that conveyed by the plaintiffs to Merrimac, for the reason that it does not contain a sufficient description of the intended servient estate.

When Merrimac conveyed to Plaza Associates, the grantors of the defendant, its deed provided that it was made "subject to those certain restrictions contained in the deed" from the plaintiffs to Merrimac. The record deed to Plaza Associates, the defendant's grantor, being in the defendant's chain of title, the defendant is charged with notice of its provisions, including the reference to restrictions contained in the deed from the plaintiffs to Merrimac. See: *Sedberry v. Parson*, 232 N.C. 707, 62 S.E. 2d 88; *Turner v. Glenn, supra.* Consequently, the defendant is charged with notice of that deed and of the restrictive covenants therein. Thus, if the deed from the plaintiffs to Merrimac were sufficient in itself to create a restriction upon the use of the tract now owned by the defendant, the defendant would have taken its title subject to that restriction. However, for the reasons above stated, that deed did not fasten such

restriction upon the tract now owned by the defendant. The provision in the deed from Merrimac to Plaza Associates did not initiate a restriction upon the defendant's land by extending to it whatever restrictions may have been fastened by the plaintiffs' deed to Merrimac upon the tract conveyed by them to Merrimac.

In *Trust Co. v. Foster*, 211 N.C. 331, 190 S.E. 522, a valid restriction was imposed upon a 13 acre tract by a recorded agreement between its owner and the owner of adjoining property. Subsequently, the owner of the 13 acre tract conveyed a 500 acre tract, which included the 13 acres, by a deed which provided that the larger tract was conveyed "subject to all the conditions, restrictions, and stipulations" contained in the recorded agreement previously made with reference to the 13 acre tract. This Court held that the restrictions were not thereby extended to and imposed upon the larger tract. See also: *Ferraro v. Kozlowski*, 101 N.J. Eq. 532, 138 A. 197; *Morrill Realty Corp. v. Rayon Holding Corp.*, 254 N.Y. 268, 172 N.E. 494; 26 C.J.S., Deeds, §§ 162(1) and 163a, Note 34.

The effect of the provision in the deed from Merrimac to Plaza Associates was merely to put Plaza Associates, and its successors in title, upon notice of whatever restrictions may have been imposed by the deed from the plaintiffs to Merrimac upon all or any part of the land so conveyed by that company to Plaza Associates. For the reasons above mentioned, the deed from the plaintiffs to Merrimac imposed no restrictions upon the tract subsequently conveyed by Plaza Associates to the defendant.

Our conclusion that the deed from the plaintiffs to Merrimac did not impose any restrictions upon that company's free use of the tract now owned by the defendant makes it unnecessary for us to consider the plaintiffs' contentions that the defendant is not a purchaser for value and that it is liable upon the covenant of Merrimac by reason of the fact that officers and majority stockholders of the defendant, were also officers and stockholders of Merrimac and were partners in Plaza Associates.

The plaintiffs did not except to any finding of fact by the superior court. These findings support the conclusions of law assigned as error by the plaintiffs. There was no error in the denial of the injunctive relief sought by the plaintiffs against this defendant.

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.