BUMGARNER & BOWMAN BUILDERS, INC. v. CLYDE E. HOLLAR, JR., AND WIFE, DORIS S. HOLLAR

No. 6925SC501

(Filed 17 December 1969)

1. Appeal and Error § 24— failure to include assignments of error in record or brief

Where the record and brief contain no assignments of error as required by Rules 19(c) and 28, only the face of the record proper is presented for review.

**2. Deeds § 19— restrictive covenants — construction**

Restrictive covenants are not favored and are to be strictly construed against limitation on use.

**3. Deeds § 19— restrictive covenants — intent of parties**

The intention of the parties governs the construction of restrictive covenants, and such intention must be gathered from study and consideration of all the covenants contained in the instrument creating the restrictions.

**4. Deeds § 19— restrictive covenants — garden utility shed**

Construction of a garden utility shed does not violate restrictive covenants in a deed providing that no structure shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling and that no trailer, separate basement, tent, shack, garage or other outbuildings erected on the lot shall be used as a residence, temporarily or permanently.

**5. Costs § 3— taxing of costs — equitable action — discretion of court**

In an action for an injunction to prevent defendants from violating restrictive covenants in a deed, taxation of costs against the plaintiff is within the court's discretion and is not reviewable on appeal, the action being equitable in nature. G.S. 6-20.

APPEAL by plaintiff from *Bryson, J.,* April 1969 Session of CATAWBA Superior Court.

Plaintiff developed a subdivision for the purpose of establishing an exclusive, restricted residential district and sold and conveyed a certain lot therein to defendants. Defendants purchased said lot with knowledge of certain restrictions contained in the deed, three of which are as follows:

"2. All lots in said subdivision as shown on said plat shall be known and described as residential lots and no part of said lots shall be used for any type of business or stores. No structure shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling."

"4. No trade or business and no noxious or offensive activities shall be carried on upon any lot or tract, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood. No livestock or poultry may be kept on this property.

5. No trailer, separate basement, tent, shack, garage or other outbuildings erected on these residential lots shall be, at any time, used as a residence, temporarily or permanently."

Plaintiff's complaint alleges that defendants have constructed a structure approximately ten feet square in size which is going to be

used as a kennel for the housing, raising, breeding and selling of dogs and that in constructing said structure has violated the terms and provisions of the restrictions contained in the deed. Defendants' answer admits that construction has begun on a small yard and garden utility shed for the storage of yard and garden tools and machinery but denies the remaining substantive allegations of the complaint.

Plaintiff seeks a permanent injunction against defendants to prevent them from violating the restrictions set forth in the deed, particularly the restrictions contained in paragraphs 2 and 4, a mandatory injunction ordering defendants to cease building said structure and to tear it down, an order commanding defendants to show cause why such injunctions should not be granted and to have costs taxed against defendants.

The court held that the construction by the defendant is not a violation of the restrictions contained in the deed, but that plaintiff is entitled to an order prohibiting defendants from using said building for any business purpose, specifically the raising of dogs for purposes of sale. The court then ordered that plaintiff be denied the relief prayed for in the complaint restraining defendants from construction of said utility building, that defendants are enjoined from carrying on a trade or business upon said premises, specifically the business of raising dogs for purposes of sale and that costs be taxed against plaintiff. Plaintiff excepted and appealed.

*Kenneth D. Thomas for plaintiff appellant.*

*Sigmon & Sigmon by Jess Sigmon, Jr., for defendant appellee.*

MORRIS, J.

[1]    The record and brief contained no assignments of error as required by Rules 19(c) and 28, Rules of Practice in the Court of Appeals of North Carolina. This failure to comply with the rules would in this case ordinarily present for review only errors appearing on the face of the record proper. *Trust Co. v. Henry*, 267 N.C. 253, 148 S.E. 2d 7 (1966). We have, nevertheless, considered the exceptions listed in the record.

[4]    The primary question presented by plaintiff's exceptions is whether the shed being constructed violates the restrictions contained in the deed, specifically paragraphs 2, 4 and 5 quoted above. It is plaintiff's position that the shed is a structure and that the construction thereof is a violation of the last sentence of paragraph

2 of the restrictions. Defendant concedes that the shed is a structure. However, it is defendants' position that the construction of the shed is not in violation of the restrictions, because paragraph 2, when considered in relation to paragraph 5, is ambiguous and susceptible to various interpretations.

**[2, 3]** Decision must depend on the construction of paragraphs 2 and 5 in the restrictions. "Restrictive covenants are not favored and are to be strictly construed against limitation on use. In the absence of clear and unequivocal expressions, restrictive covenants are not to be expanded and all doubts are to be resolved in favor of the free use of the property." *Hullett v. Grayson,* 265 N.C. 453, 144 S.E. 2d 206 (1965). "In construing restrictive covenants, the fundamental rule is that the intention of the parties governs, and that their intention must be gathered from study and consideration of *all* the covenants contained in the instrument or instruments creating the restrictions." *Long v. Branham,* 271 N.C. 264, 156 S.E. 2d 235 (1967). Using these guidelines, we reach the conclusion that the construction of the shed by the defendants is not a violation of the restrictions contained in the deed.

Paragraph 2, standing alone, is not ambiguous and would serve to prohibit any structure on the lot except one detached single family dwelling. However, when paragraph 2 is read in conjunction with paragraph 5, the real meaning of the restrictions and intent of the parties become doubtful. Paragraph 5 could reasonably be construed to mean that the enumerated structures or other outbuildings could be erected on the lot so long as they were not used as a temporary or permanent residence. Indeed, the use of the word "outbuilding" in paragraph 5, when taken without consideration of the provisions of paragraph 2, implies that other structures separated from the dwelling may be erected on the lot so long as they are not used as a residence. An outbuilding is defined in Black's Law Dictionary, 4th Ed., as "[S]omething used in connection with a main building. (Citation omitted). A small building appurtenant to a main building, and generally separated from it; an outhouse. (Citation omitted)." It is defined in Webster's Third New International Dictionary (1968) as "a building separate from but accessory to a main house." Additionally, paragraph 5 does not provide that none of the structures enumerated shall be erected but, when considered alone, is susceptible of the interpretation that if any or all of them should be erected on a lot, none could be used as a residence.

**[4]** Concededly, paragraph 5 is also susceptible of interpretation as defining, by enumeration, those structures which cannot be used

as a "detached single family dwelling". In view of the apparent ambiguity of the restrictions when considered together, we are compelled to resolve these doubts in favor of the defendants. *Long v. Branham, supra; Hullett v. Grayson, supra.*

[5]   Plaintiff excepted to the court's assessment of costs against plaintiff. This action is equitable in nature, and the taxing of costs is within the discretion of the court and the court's action is not reviewable. G.S. 6-20; *Hoskins v. Hoskins,* 259 N.C. 704, 131 S.E. 2d 326 (1963).

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.