IN RE: LAST WILL AND TESTAMENT OF SUDIE GAME HOWELL, DECEASED

No. 718SC453

(Filed 18 August 1971)

**Appeal and Error § 24— form of exceptions and assignments of error**

Purported assignments of error are ineffectual where, under the title "Grouping of Exceptions and Assignments of Error" in the record on appeal, four "groups" appear and numerous exceptions are listed under each "group," the only indication of the alleged error is a reference to a page of the record, exceptions under the same "group" relate to several questions of law, and a "group" containing exceptions to three purported errors in the charge fails to set out what appellants contend the court should have charged.

APPEAL by caveators from *Bailey, Judge,* 2 February 1971 Session, WAYNE County Superior Court.

The propounders of the Last Will and Testament of Sudie Game Howell are a son and two stepsons, to whom she devised all of her real estate "for and during the term of their natural lives and during the term of the life of the survivor of them . . ." The remainder in fee was devised to the other five children of testatrix, four of whom are the caveators. They allege lack of testamentary capacity and undue influence, and further that the will was not properly executed, sealed and published according to law. The jury answered all issues in favor of propounders. Caveators appeal from the entry of judgment thereon.

*Sasser, Duke and Brown by John E. Duke, J. Thomas Brown, Jr., and Herbert B. Hulse for caveator-appellants.*

*Dees, Dees, Smith and Powell by William L. Powell, Jr., for propounder-appellees.*

MORRIS, Judge.

In the record on appeal there appears the title "GROUPING OF EXCEPTIONS AND ASSIGNMENTS OF ERROR." Under this designation four "Groups" appear. Group I lists 35 exceptions. The only indication as to what the alleged error is is a reference to a page of the record. A cursory examination, however, reveals that the exceptions relate to several questions of law. "While the form of the assignments of error must depend largely upon

the circumstances of each case, they should clearly present the error relied upon without the necessity of going beyond the assignment itself to learn what the question is. Thus, they must specifically show within themselves the questions sought to be presented, and a mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient. Nevertheless, the assignment of error should indicate the page of the record where the exception is to be found." 1 Strong, N.C. Index 2d, Appeal and Error, § 24, and cases there cited. The other four "Groups" are similarly defective and not in accordance with our Rules of Practice which are mandatory. *Builders, Inc. v. Hollar,* 7 N.C. App. 14, 171 S.E. 2d 60 (1969). *Nye v. Development Co.,* 10 N.C. App. 676, 179 S.E. 2d 795 (1971), contains an excellent discussion of the same defects.

Group IV, in addition to the defects above, also fails to set out what the appellants contend the court should have charged in the three purported errors in the charge listed thereunder.

Because the purported assignments of error are ineffectual to present for review the questions sought to be presented, the appeal must be dismissed. We have, however, examined the record carefully, and we find no error in the trial sufficiently prejudicial to warrant the awarding of a new trial.

Appeal dismissed.

Judges BRITT and PARKER concur.