MARGARET L. KNOX v. DAVID LEONARD SCOTT AND WIFE, BRENDA THOMAS SCOTT

No. 8226SC798

(Filed 21 June 1983)

**Deeds § 20.4— restrictive covenants—boathouse excluded**

> The trial court erred in concluding that a second story of a building which was built to house a boat and the boat's paraphernalia was an impermissible "building" within the definition of a subdivision's restrictive covenants. Defendants' two story structure in its entirety was a "boathouse" which was specifically exempt from the restrictions imposed.

APPEAL by defendants from *Lewis, Judge.* Judgment entered 5 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 May 1983.

Plaintiff and defendants are adjoining residential landowners in a subdivision on Lake Norman in Mecklenburg County. Lots in

the subdivision are subject to the following pertinent restrictive covenant:

> 2. LAND USE AND BUILDING TYPE. The lots shall be used for residential purposes only. No building shall be erected, altered, placed, or permitted to remain on any lot other than one detached single-family-dwelling not to exceed two and one-half stories in height, a private garage for not more than two cars, boathouses and piers, . . . .

Defendants constructed on their lot a permanent structure located approximately sixteen feet from the lake shoreline and consisting of two levels separated by a wooden floor and connected by an inside stairway. They used the first level to store a motorboat. They used the second level to store boating and other water recreational equipment.

Plaintiff prayed for an order requiring defendants to remove this structure. Based on the foregoing facts, the trial court concluded that the first level of the structure was a "boathouse" which was permitted by the restrictions; that the second level was a "building" which was not permitted thereby; and that plaintiff was entitled to the equitable relief of a mandatory injunction. It ordered that defendants remove the second floor under its supervision.

From this order, defendants appeal.

*Curtis, Millsaps and Chesson, by Cecil M. Curtis, for plaintiff appellee.*

*Kennedy, Covington, Lobdell & Hickman, by F. Fincher Jarrell, for defendant appellants.*

WHICHARD, Judge.

Defendants assign error to the conclusion that the second level of their structure was a building which was not permitted under the restrictions, contending that it is not supported by the findings of fact. For reasons which follow, we hold the conclusion erroneous.

The guiding principle in the construction of restrictive covenants is as follows:

While the intentions of the parties to restrictive covenants ordinarily control the construction of the covenants, *e.g.*, *Long v. Branham*, 271 N.C. 264, 156 S.E. 2d 235 (1967), *see generally*, J. Webster, Real Estate Law in North Carolina § 346 (1971), such covenants are not favor[e]d by the law, *e.g.*, *Cummings v. Dosam, Inc.*, 273 N.C. 28, 159 S.E. 2d 513 (1968), and they will be strictly construed to the end that all ambiguities will be resolved in favor of the unrestrained use of land. *Stegall v. Housing Authority of the City of Charlotte*, 278 N.C. 95, 178 S.E. 2d 824 (1971); *Long v. Branham, supra.* The rule of strict construction is grounded in sound considerations of public policy: It is in the best interests of society that the free and unrestricted use and enjoyment of land be encouraged to its fullest extent. *Davis v. Robinson*, 189 N.C. 589, 127 S.E. 697 (1925); *see generally* 7 J. Grimes, Thompson on Real Property § 3160 (1962).

*Hobby & Son v. Family Homes*, 302 N.C. 64, 70-71, 274 S.E. 2d 174, 179 (1981).

In construing restrictive covenants, the meaning of each provision must be gathered from a study and consideration of all the covenants contained in the instrument, *Callaham v. Arenson*, 239 N.C. 619, 625, 80 S.E. 2d 619, 623-24 (1954), giving each part its effect according to the natural meaning of the words used, *Hobby & Son, supra*, 302 N.C. at 71, 274 S.E. 2d at 179. The rule of strict construction requires an interpretation which least restricts the free use of land. Thus, when the language of a covenant is capable of two constructions, one which limits the restriction, rather than one which extends it, should be embraced. *Long v. Branham*, 271 N.C. 264, 268, 156 S.E. 2d 235, 239 (1967).

Plaintiff contends that the second story of defendants' structure is a "building," which is defined in *Webster's Seventh New Collegiate Dictionary* 110 (1967) as "a [usually] roofed and walled structure built for permanent use," and in *Black's Law Dictionary* 176 (5th ed. 1979) as "[a] structure or edifice inclosing a space within its walls, and usually, but not necessarily, covered with a roof." She argues that, as such, that level, which housed boating paraphernalia, was prohibited by the restrictions and did not fall within any of the exceptions to their constraints.

Knox v. Scott

The principles set forth above, however, dictate a more narrow construction. A single story in a multi-story structure would not ordinarily fall within the foregoing or any other definitions of "building." Further, paragraph 2 of the covenants specifically exempts boathouses from its restrictions. A "boathouse" is defined in *Webster's Third New International Dictionary* 244 (1971) as "a building [usually] built partly over water for the housing or storing of boats and *often provided with accommodations for gear or general storage* and often with rooms for social activity." (Emphasis supplied.) The first floor of defendants' structure is used to house boats, and the second floor to store boating paraphernalia. The structure thus clearly qualifies as a boathouse under the foregoing definition.

Plaintiff contends the intent of the restrictions is to prohibit construction of structures which obstruct the view of the lake from the dwellings of other lot owners. The photographs introduced as exhibits indicate that defendants' two story structure in fact obstructs the view from plaintiff's dwelling.

To be enforceable, the nature and extent of a restrictive covenant must be determinable with reasonable certainty from its language. *Cummings v. Dosam, Inc.,* 273 N.C. 28, 32, 159 S.E. 2d 513, 517 (1968). While preserving a view may be a legitimate, indeed desirable, objective in a lakeside development, restrictive covenants designed to achieve that objective must be clearly drawn to reflect it. *Hobby & Son, supra.*

The covenants here do not express that objective, nor can it be clearly inferred from their language. Even construing the two and one-half story limitation imposed on residences to apply to nonresidential structures, defendants' two story structure fell within that limitation.

The objective of protecting the view could have been achieved by an express height limitation on non-residential structures. It could also have been achieved by language specifically prohibiting construction or placement of non-residential structures which obstructed the lake view from residential structures. Neither an express height limitation on non-residential structures nor an express prohibition of view-blocking by such structures appears, however.

Pursuant to the principle of strict construction applicable to restrictive covenants, we hold that defendants' two story structure in its entirety is a "boathouse" which is specifically exempt from the restrictions imposed; and that the trial court thus erred in concluding that its second story was an impermissible "building" and in ordering its removal. The judgment is therefore reversed, and the cause is remanded for entry of a judgment consistent with this opinion.

Reversed and remanded.

Judges JOHNSON and EAGLES concur.