ROBERT LOUIS ARMSTRONG, AND WIFE, VIVIAN B. ARMSTRONG; L.A. MOORE, AND WIFE, E. ANN MOORE; AND WILLIAM B. CLORE, AND WIFE, RAE H. CLORE, PETITIONERS v. THE LEDGES HOMEOWNERS ASSOCIATION, INC. AND THE OWNERS OF LOTS IN THE LEDGES OF HIDDEN HILLS SUBDIVISION: VIOLET M. MYERS, C. DONALD LARSSON/TRUSTEE, MARILYN BARNWELL, CHARLES S. AND CATHRYN A. HARRELL, THOMAS REIN LUGUS, JACK H. AND ROBERTA M. CRABTREE, DOROTHY LOIS SHIMON, TRUST, WILLIAM V. AND JOANN K. PHILLIPS, RICHARD AND ELIZABETH C. COOMBES, GUIDO D. AND EILEEN J. MIGIANO, EUGENE M. AND LUCRETIA B. WAGNER, JACQUELINE W. EADIE, ELIZABETH H. SCHAD, TRUST, SUNNIE TAYLOR, SUE EDELL AND T. HILLIARD STATON, ALBERT W. AND URSULA K. JENRETTE, THERESA M. WUTTKE, JOHN FITZGERALD AND ROBIN RENEE HOLSHUE, ADRIAN R. AND MARILYN B. ADES, LINDA N. ROSS, J.D. AND EDWINA S. MILLER, RUSSELL L. AND LAUNA L. SHOEMAKER, PAUL E. AND DEBORAH H. PARKER, WILLIAM SCOTT AND ELIZABETH A. CHOVAN, DAVID N. AND MELANIE D. HUTTO, TEDD M. AND JEANNIE PEARCE, TERESA M. WUTTKE, JIMMIE J. AND BETTY J. REMLEY, TERRY N. AND MICHELLE L. McADOO, JOSEPH A. AND MARGARET K. DINKINS, CARLTON W. AND FRANCES A. DENCE, CLIFTON F. AND DONNA GRUBBS SAPP, MARVIN G. AND E. JOYCE KATZ, JOY N. PARISIEN, LEWIS EDWIN AND HELEN BOOKMAN, AND DENNIS R. AND DONDRA C. SETSER, RESPONDENTS

No. COA05-88

(Filed 18 October 2005)

**1. Deeds— restrictive covenants—homeowners association bylaws—alteration**

The trial court did not err by denying injunctive relief to homeowners who sought to have amended homeowners association bylaws declared void. Alteration of the terms of the declaration by majority vote of the lot owners was intended by the developer and expressly allowed by the declaration of restrictive covenants.

**2. Deeds— restrictive covenants—amendments**

Amended restrictive covenants that included automatic membership in the homeowners association and the collection and enforcement of assessments were adopted and enacted by the property owners in conformity with a uniform plan of development and express powers set out in the covenants, and the trial court did not err by refusing injunctive relief. Petitioners accepted their deeds with the knowledge that the restrictive covenants could be amended in the future.

**3. Deeds— planned community—Act not referenced**

It was not necessary in a case involving homeowners association membership and assessments to determine whether a

subdivision was a planned community under the Planned Community Act. That Act was not referred to or adopted by either the current bylaws of the homeowners association or the amended restrictive covenants.

Appeal by petitioners from judgment entered 20 October 2004 by Judge J. Marlene Hyatt in Henderson County Superior Court. Heard in the Court of Appeals 14 September 2004.

*Kennedy Covington Lobdell & Hickman, by Roy H. Michaux, Jr., for petitioners-appellants.*

*Gray, Layton, Kersh, Solomon, Sigmon, Furr & Smith, P.A., by Ted F. Mitchell, for respondent-appellee The Ledges Homeowners Association, Inc.*

*Dungan & Associates, P.A., by Robert E. Dungan, for respondents-appellees Owners of Lots in The Ledges of Hidden Hills Subdivision: Violet M. Myers, C. Donald Larsson/Trustee, Marilyn Barnwell, Charles S. and Cathryn A. Harrell; Thomas Rein Lugus, Jack H. and Roberta M. Crabtree, Dorothy Lois Shimon, Trust, William V. and Joann K. Phillips, Richard and Elizabeth C. Coombes, Guido D. and Eileen J. Migiano, Eugene M. and Lucretia B. Wagner, Jacqueline W. Eadie, Elizabeth H. Schad, Trust, Sunnie Taylor, Sue Edell and T. Hilliard Staton, Albert W. and Ursula K. Jenrette, Theresa M. Wuttke, John Fitzgerald and Robin Renee Holshue, Adrian R. and Marilyn B. Ades, Linda N. Ross, J.D. and Edwina S. Miller, Russell L. and Launa L. Shoemaker, Paul E. and Deborah H. Parker, William Scott and Elizabeth A. Chovan, David N. and Melanie D. Hutto, Tedd M. and Jeannie Pearce, Teresa M. Wuttke, Jimmie J. and Betty J. Remley, Terry N. and Michelle L. McAdoo, Joseph A. and Margaret K. Dinkins, Carlton W. and Frances A. Dence, Clifton F. and Donna Grubbs Sapp, Marvin G. and E. Joyce Katz, Joy N. Parisien, Lewis Edwin and Helen Bookman, and Dennis R. and Dondra C. Setser.*

TYSON, Judge.

Robert Louis and Vivian B. Armstrong, L.A. and E. Ann Moore, William B. and Rae H. Clore (collectively, "petitioners") appeal judgment granting The Ledges Homeowners Association, Inc. and the owners of lots in The Ledges of Hidden Hills Subdivision: Violet M. Myers, C. Donald Larsson/Trustee, Marilyn Barnwell, Charles S. and

Cathryn A. Harrell, Thomas Rein Lugus, Jack H. and Roberta M. Crabtree, Dorothy Lois Shimon, Trust, William V. and Joann K. Phillips, Richard and Elizabeth C. Coombes, Guido D. and Eileen J. Migiano, Eugene M. and Lucretia B. Wagner, Jacqueline W. Eadie, Elizabeth H. Schad, Trust, Sunnie Taylor, Sue Edell and T. Hilliard Staton, Albert W. and Ursula K. Jenrette, Theresa M. Wuttke, John Fitzgerald and Robin Renee Holshue, Adrian R. and Marilyn B. Ades, Linda N. Ross, J.D. and Edwina S. Miller, Russell L. and Launa L. Shoemaker, Paul E. and Deborah H. Parker, William Scott and Elizabeth A. Chovan, David N. and Melanie D. Hutto, Tedd M. and Jeannie Pearce, Teresa M. Wuttke, Jimmie J. and Betty J. Remley, Terry N. and Michelle L. McAdoo, Joseph A. and Margaret K. Dinkins, Carlton W. and Frances A. Dence, Clifton F. and Donna Grubbs Sapp, Marvin G. and E. Joyce Katz, Joy N. Parisien, Lewis Edwin and Helen Bookman, and Dennis R. and Dondra C. Setser's (collectively, "respondents") motion for summary judgment. We affirm.

## I. Background

Vogel Development Corporation (the "developer") developed The Ledges of Hidden Hills ("The Ledges"), a forty-nine lot subdivision, in 1988. The developer recorded a declaration of restrictive covenants (the "declaration") for The Ledges on 9 December 1988. The declaration provided for the intended formation of a non-profit homeowners' association and for assignment to the association of "any and all of [the developer's] rights, authorities, and consents granted and/or reserved under the provisions of these Restrictive Covenants or any amendments thereto." Paragraph 36 of the declaration provided for future amendments to be made as follows: "that any portion of the restrictive covenants may be released, changed, modified or amended by majority vote of the then property owners within this Subdivision."

In September 1994, The Ledges Homeowners Association, Inc. (the "association") was formed and bylaws were adopted. At the 1995 annual meeting, the association adopted an amendment to the declaration which stated, "The Association shall have a lien on any lot of an Owner who has failed to pay the assessment, for the enforcement of collection [of] the assessment." The association began billing the residents for various expenses including electrical service to light the subdivision sign at night, the mowing of certain lawns, snow removal, operating expenses, and legal fees.

Petitioners William B. and Rae H. Clore purchased their property in 1994. Petitioners Robert Louis and Vivian B. Armstrong purchased

their property in 2001. Petitioners L.A. and E. Ann Moore purchased their property in 2002. Petitioners' deeds contain provisions subjecting their lots to the restrictive covenants and for membership in the association:

> This conveyance is made subject to restrictive covenants and conditions pertaining to The Ledges of Hidden Hills recorded in Deed Book 729, at Page 809, Henderson County Registry, together with any amendments thereto . . . The grantor herein contemplates the establishment of a non-profit corporation to be known as The Ledges of Hidden Hills Homeowners Association, and by acceptance of this deed the grantees agree to become and shall automatically so become members of said Homeowners Association when so formed by said grantor; and said grantees agree to abide by the corporate charter, bylaws, and rules and regulations of said Homeowners Association and agree to pay pro-rata charges and assessments which may be levied by said Homeowners Association when so formed.

In July 2003, the board of directors for the association voted to amend the bylaws. The board of directors adopted a draft set of bylaws, which were later revised to eliminate any references to the North Carolina Planned Community Act. The proposed amendment provided for: (1) automatic membership in the association; and (2) the collection and enforcement of assessments on members of the association.

Petitioners filed their complaint on 16 October 2003. On 20 November 2003, the association adopted the current bylaws. On 24 November 2003, The Ledges' property owners adopted the "Amended and Restated Restrictive Covenants of the Ledges of Hidden Hills." On 20 October 2004, the trial court entered summary judgment for respondents. Petitioners appeal.

## II. Issues

Petitioners argue the trial court erred by: (1) granting summary judgment in favor of respondents and denying summary judgment in favor of petitioners; (2) denying permanent injunctive relief to petitioners; (3) failing to render the declaratory relief sought by petitioners that The Ledges is not a "planned community" as that term is defined in N.C. Gen. Stat. 47F-1-103(23); and (4) failing to render declaratory relief to petitioners that the Amended Declaration adopted by a majority of respondents is invalid and such amendment

cannot be used as a vehicle to impose general assessments on lot owners within The Ledges.

### III. Summary Judgment

Petitioners first contend the trial court erred in granting summary judgment in favor of respondents and denying the motion for summary judgment in favor of petitioners. Petitioners argue the proposed amendment to the Declaration exceeds the purpose for which the Declaration was established. We disagree.

> Where a motion of summary judgment is granted, the critical questions for determination upon appeal are whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law.

*Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, 276 S.E.2d 283 (1981) (citing *Barbour v. Little*, 37 N.C. App. 686, 247 S.E.2d 252, *cert. denied*, 295 N.C. 733, 248 S.E.2d 862 (1978)).

As our Supreme Court stated, "The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). Here, both parties stipulate there is no dispute of a material fact and the issue is a question of law. The trial court properly granted summary judgment in favor of respondents based on the question of law as explained below.

### IV. Injunctive Relief

[1] Petitioners also contend the trial court erred in denying permanent injunctive relief. We disagree.

Petitioners argue the association should be enjoined from attempting to adopt and enforce the bylaws as amended. Petitioners do not seek to have the original restrictive covenants set aside. Rather, petitioners seek to have the amended bylaws declared void because they exceed the developer's original intent in the original declaration.

However, "[i]f the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." *Walton*

*v. City of Raleigh*, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996) (citing *Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E.2d 622, 624-25 (1973)). Here, the declaration provides, "that any portion of the restrictive covenants may be released, changed, modified or amended by majority vote of the then property owners within this Subdivision." The developer intended, and the declaration expressly allows, the lot owners the opportunity to alter the terms of the declaration by majority vote. A majority of respondents used the provision to implement changes that are at issue here. This assignment of error is overruled.

### V. Amended Declaration

[2] Petitioners contend the trial court erred in failing to render declaratory relief to petitioners by holding that the amended declaration adopted by a majority of respondents is invalid and such amendment cannot be used as a vehicle to impose general assessments on lot owners within The Ledges. We disagree.

The original restrictive covenants were amended to include provisions for: (1) automatic membership in the association; and (2) the collection and enforcement of assessments. While this issue is one of first impression in North Carolina, several other jurisdictions have decided similar cases.

In *Evergreen Highlands Ass'n v. West*, the court affirmed amendments to the existing restrictive covenants which were adopted nine years after the plaintiff-owner purchased a lot. 73 P.3d 1 (Colo., 2003), *cert. denied*, 540 U.S. 1106, 157 L. Ed. 2d 892 (2004). The amendments required all property owners to be members of the community association and pay assessments to the association. The court stated, "the addition of a new covenant falls within the permissible scope of the modification clause of the Evergreen Highlands covenants." *Id.* at 2.

Also, in *Windemere Homeowners' Ass'n v. McCue*, the Montana Supreme Court upheld amendments to the original restrictive covenants which created a homeowners' association and gave the association the right to assess and collect assessments for the costs of road maintenance. 990 P.2d 769, 773 (Mont., 1999) ("We hold that the language of the original declaration of restrictive covenants was broad enough to authorize the subsequent 1997 Amendment by a super-majority of sixty-five percent or more of the property owners.").

Petitioners conceded during oral argument that a uniform plan of development existed when the subdivision was developed and when

petitioners purchased their properties. Petitioners' individual deeds contain specific provisions to subject their lots to the restrictive covenants and for lot owners' automatic membership in the association when formed. The developer of the Ledges intended for the association to have the power to amend the restrictive covenants as follows: "that any portion of the restrictive covenants may be released, changed, modified or amended by majority vote of the then property owners within this Subdivision." The amended declaration fulfills the developer's original intention that the homeowners, by majority vote, may amend the restrictions. Providing for mandatory membership in the association and permitting the association to assess and collect fees from the association's members is not clearly outside the intention of the original restrictive covenants and is generally consistent with the rights and obligations of lot owners of subdivisions subject to restrictive covenants and homeowners' associations. Petitioners accepted their deeds with the knowledge that the restrictive covenants may be amended in the future. "A grantee, who accepts a deed containing otherwise valid covenants purporting to bind him, thereby becomes bound for the performance of such covenants." *Cummings v. Dosam, Inc.*, 273 N.C. 28, 31, 159 S.E.2d 513, 516 (1968). The amendments were adopted and enacted by the requisite property owners in conformity with the express requirements of a uniform plan of development and express powers that are set out in the restrictive covenants that are binding upon petitioners. This assignment of error is overruled.

## VI.  Planned Community Act

[3] Petitioners argue the trial court erred in failing to render the declaratory relief sought by petitioners that The Ledges is not a "planned community" as defined in N.C. Gen. Stat. § 47F-1-103(23). It is unnecessary to decide this issue.

Petitioners contend respondents attempted to create a "planned community" when the amended declaration was proposed. Petitioners argue The Ledges was never intended to be a planned community because no common amenities or real estate are maintained by the association.

The Planned Community Act became effective in North Carolina in January 1999 and provides any planned community created prior to 1 January 1999 may elect to make it applicable to that community by a vote of the lot owners holding at least sixty-seven percent of the votes in the homeowners' association. N.C. Gen. Stat. § 47F-1-102(d)

(2003). A planned community includes "[r]eal estate with respect to which any person, by virtue of that person's ownership of a lot, is expressly obligated by a declaration to pay real property taxes, insurance premiums or other expenses to maintain, improve, or benefit other lots or other real estate described in the declaration." N.C. Gen. Stat. § 47F-1-103(23) (2003).

Because neither the current bylaws nor the amended restrictive covenants refer to or adopt the Planned Community Act, the applicability of the Planned Community Act to this subdivision is not before us. It is unnecessary to determine whether The Ledges is a planned community. "The courts have no jurisdiction to determine matters purely speculative, enter anticipatory judgments, . . . deal with theoretical problems, give advisory opinions . . . provide for contingencies which may hereafter arise, or give abstract opinions." *In re Wright,* 137 N.C. App. 104, 111-12, 527 S.E.2d 70, 75 (2000) (quoting *Little v. Trust Co.,* 252 N.C. 229, 243, 113 S.E.2d 689, 700 (1960)). This assignment of error is dismissed.

## VII. Conclusion

The trial court properly granted summary judgment for respondents. The trial court did not err in denying permanent injunctive relief. or in failing to render declaratory relief to petitioners. The trial court's judgment is affirmed.

Affirmed.

Judges STEELMAN and GEER concur.