WETHERINGTON v. WILLIAMS.

(Filed March 1, 1904).

1. TENANCY IN COMMON — *Possession — Jurisdiction — Acts 1893, ch. 6.*

 A tenant in common cannot bring an action against a co-tenant if a third party is in possession.

2. WITNESSES—*Competency—Evidence—The Code, sec. 590.*

 To be incompetent under section 590 of The Code, a witness must be either a party to the action or interested in the event thereof.

3. DEEDS—*Recordation—Delivery.*

 A recorded deed is *prima facie* evidence of its delivery and that the maker meant to part with the title.

4. DEEDS—*Delivery—Evidence.*

 The evidence in this case, if believed, is sufficient to prove an actual delivery of the deed.

ACTION by M. C. Wetherington and others against Mary Williams and others, heard by *Judge Fred. Moore* and a jury, at November Term, 1903, of the Superior Court of CRAVEN County. From a judgment for the defendants, the plaintiffs appealed.

*W. D. McIver,* for the plaintiffs.
*D. L. Ward,* for the defendants.

WALKER, J.   This is an action by the plaintiffs to recover their interest as tenants in common with the *feme* defendants in a tract of land which was formerly owned by Lewis Wetherington. The latter was married twice. The plaintiffs M. C. and G. L. Wetherington are children of the first marriage, and the plaintiff Stephen Oliver, who has died since the action was commenced, without issue, was a grandchild. The *feme* defendants Cornie Wetherington and Mary Williams are children of the second marriage, and the plaintiff Hyman Stubbs is a grandchild, he being the child of Leah Wetherington, who intermarried with Levi Stubbs. The plaintiffs allege that M. C. and G. L. Wetherington and Hyman Stubbs and the *feme* defendants are tenants in common of the tract of land described in the complaint in equal shares, and that the defendants are in possession of the land, claiming title to the whole thereof. These allegations are denied by the defendants in their answer. There was no evidence introduced by the plaintiffs to show that the defendants were in possession of the land at the time the action was brought. On the contrary, their own witness, Gaston Wetherington, testified that Mary Wetherington, the widow of Lewis Wetherington, was in possession. Before a tenant in common can bring an action against his co-tenant to recover his share in the land, he must allege and prove that he has been ousted by the latter. If the co-tenant is shown to be in

possession of the land, and in his answer denies the plaintiff's title, he thereby admits an ouster, at least for the purpose of the action. *Halford v. Tetherow,* 47 N. C., 393; *Day v. Howard,* 73 N. C., 1; *Withrow, v. Biggerstaff,* 82 N. C., 82. The plaintiffs brought this suit, not only for the purpose of establishing their title to the shares in the land which they allege are owned by them, but also for the purpose of being let into possession with the defendants. This relief cannot of course be granted unless the defendants are in the possession, and certainly not when a third person, who is not a party to the action, is shown to be in possession of the land. But, perhaps, the case as it was tried below comes within the provisions of chapter 6 of the acts of 1893, which is entitled "An act to determine conflicting claims to real property," and we may therefore consider the case, so far as it is necessary to decide whether the plaintiffs have any interest in the land or whether by any erroneous ruling of the Court they have been prevented from showing that they have an interest. The Court submitted to the jury the following issue: "Are the plaintiffs and defendants tenants in common of the lands described in the complaint, as alleged in said complaint?"

The plaintiffs alleged that Lewis Wetherington died seized and possessed of the land in dispute and that it descended to his children, who are his heirs, as tenants in common. The defendants introduced in evidence a deed from Lewis Wetherington and wife, Mary Wetherington, to the defendants, Cornie Wetherington and Mary Williams. The execution of this deed was acknowledged by the wife, Mary Wetherington, on January 29, 1898, which was after the death of her husband, and was proven as to Lewis Wetherington by G. S. Wilcox, the subscribing witness, on October 11, 1902, and was registered on that day. The said G. S. Wilcox, who was a witness of the plaintiffs, testified that he wrote the deed, and his recollection was that the names of the three daughters

of Lewis Wetherington by his second marriage, namely, Mary, Leah and Cornie, were in it; that the deed was signed by Lewis Wetherington and then witnessed by him and returned to Lewis Wetherington, or to his wife, or to some member of his family, but that he did not remember who took it from his hands or who kept it. He did not see the deed again until after the death of Lewis Wetherington, when it was handed to him by some member of the family to be registered. The name of Leah had been erased. He proved the execution of the deed, as subscribing witness, before the Clerk of the Court and it was registered. The name of Leah Wetherington, afterwards Leah Stubbs, was not in the deed when he proved it. The certificate of probate annexed to the deed shows that the execution of the deed was proven before the Clerk by the oath and examination of G. S. Wilcox, the subscribing witness thereto.

The defendants introduced as a witness Mary Wetherington, the widow of Lewis Wetherington, who testified that her husband, who had the deed in his possession, handed it to his daughter, Mary Wetherington, now Mary Williams, one of the defendants, and "told her to take Leah's name off, and she did so. He said Stubbs was a dissipated man and he did not wish him to handle anything he had. Leah was dead at that time. After he had Leah's name erased he gave the deed to Mary and told her to have it registered." The plaintiffs objected to this evidence upon the ground that Mary Wetherington was not a competent witness, under section 590 of The Code, to testify concerning the matters stated by her. The witness is not a party to the action, and we do not see how she is interested in its event. If the deed is effectual as to her she has conveyed away all of her interest, that is, her dower or right of dower. If it is not valid as to her she is entitled to dower in the land, but this will be in no way affected by the result of this suit. If the defendants re-

cover they will become the sole owners in fee of the land and the witness will acquire no interest whatever in it that she does not already possess, nor will any interest that she now has be in the slightest degree impaired. The witness, whose competency is in question, must be either a party to the action or interested in the event of the action, and must testify in behalf of himself or herself or in behalf of the person succeeding to his or her title or interest. *Bunn v. Todd,* 107 N. C., 266. We do not think the witness is disqualified by the statute. While it is not necessary to decide the question, if we concede that the witness is interested in the result, we doubt very much whether her testimony relates to a personal transaction or communication between herself and her husband. She testified only to what she saw and heard, and, so far as appears in the case, she took no part whatever in the transaction or communication between her husband and his daughter, Mary Wetherington. *Norris v. Stewart,* 105 N. C., 455, 18 Am. St. Rep., 917; *McCall v. Wilson,* 101 N. C., 598; *Dobbins v. Osborne,* 67 N. C., 259.

We come now to the question as to the state of the proof in the case, the Court having charged the jury that if they believed the evidence they should answer the issue "No." *Gaither v. Ferebee,* 60 N. C., 310; *McQuay v. Railroad,* 109 N. C., 588; *Nelson v. Ins. Co.,* 120 N. C., 302.

The defendants introduced in evidence the original deed, which appeared by the certificates annexed thereto to have been duly proved and registered. The fact of registration is not conclusive as to either the execution or the probate of the deed. The factum of the instrument may be disputed after its registration, and the party who assails the deed may show, if he can, that it was not in fact delivered. But so long as the probate and registration stand unimpeached and unimpaired, they furnish sufficient *prima facie* evidence of the execution of the deed, which, of course, always includes

delivery. He who would avoid this presumption arising from registration must do so by proof sufficient to rebut it or to repel its legal force and effect. *Redman v. Graham,* 80 N. C., 231; *Love v. Harbin,* 87 N. C., 249; *Helms v. Austin,* 116 N. C., 751. In the case last cited this Court referred with approval to the case of *Mitchell v. Ryan,* 3 Ohio St. Rep., 377, and said "that a recorded deed is *prima facie* evidence of delivery, and it is to be presumed that the maker meant to part with the title, and clear proof ought to be required to warrant the Court in holding otherwise."

The question in controversy in our case is whether the deed had been delivered to Leah Stubbs before her name was erased therefrom, and, if not, then whether it was delivered to her two sisters after her death. If the deed had not been delivered to Leah, or to any one for her use or benefit, which is the same thing, the grantor had the right to erase her name, for it was not her deed until it was delivered, and he still retained full power and control over it, with the right to change it as he might see fit. The witness Wilcox did not testify that it was delivered to Leah, nor did he testify to any facts from which delivery could be inferred. His testimony did not tend to show delivery. *Baldwin v. Maultsby,* 27 N. C., 505; *Bailey v. Bailey,* 52 N. C., 44. He merely said that when the deed left his hands it had the name of Leah in it, and that he did not know to whom he gave it, whether to Lewis Wetherington, who signed the deed, or to some member of his family. This tends to prove only that the paper he witnessed was not the one he produced before the Clerk and which was afterwards registered. It must follow, therefore, as there was no other proof bearing on this point, that the deed had not been delivered to Leah when her name was erased, and the only question remaining in the case is, did the testimony of Mrs. Wetherington, if believed, or if the jury found the facts in accordance therewith, establish the

delivery of the deed to Cornie Wetherington and Mary Williams, the defendants? It appears from this testimony that Lewis Wetherington, who had possession of the deed, and who, so far as appears, kept it continuously from the time it was written, told Mary Wetherington, his daughter, to erase Leah's name, for the reason then given by him, and to have the deed registered, which was done. This was surely a sufficient delivery, whether the deed was afterwards registered or not. *Phillips v. Houston,* 50 N. C., 302; *Helms v. Austin, supra.* If we eliminate from the case the force and effect of the probate and registration as creating a presumption of delivery, the evidence of the defendants, which was uncontradicted, was sufficient to prove an actual delivery of the deed by the maker to Cornie and Mary, his two daughters. The jury believed this evidence, because under the instructions of the Court they answered the issue in favor of the defendants. This conclusion makes it necessary to pass upon the other exceptions of the plaintiffs.