## GOODMAN v. GOODMAN.

*Dower—Wife joins husband in deed of gift to son—Deed not delivered until after husband's death—Wife cannot claim dower in property conveyed.*

A wife, who joins with her husband in a deed of gift conveying his property to his son, without consideration passing to her, and with a complete understanding of the transaction, and who delivers the deed to the son after her husband's death, with the intention of transferring the property and all her interest therein to the son, cannot thereafter claim dower in the property so transferred.

(Decided January 25, 1926.)

APPEAL: Court of Appeals for Cuyahoga county.

*Mr. Cornelius Maloney* and *Mr. Jerome A. Ryan,* for plaintiff.

*Mr. Allison M. Gibbons,* for defendant.

Dower, 19 C. J. §§ 184, 217

WASHBURN, J. The record in this case discloses that F. C. Goodman lived in Cleveland for many years; that by his first marriage he had one child, a son, named Minton Goodman, the defendant in this action; that said F. C. Goodman was engaged in the real estate business; and that after the death of his first wife he married Inez Goodman, the plaintiff, with whom he lived for more than 30 years.

Mr. Goodman and his second wife moved from Cleveland to California and resided there for the 8 years preceding the death of Mr. Goodman, and, while there, he transferred considerable of his property to California and purchased a valuable home, but he retained in Cleveland the ownership of an apartment house which was known as the Burrows. The record further discloses that about a year before his death he said to his wife, the plaintiff, that he desired his son, who had remained in Cleveland, to have the Burrows Apartment in Cleveland, and that he, with his wife, the plaintiff, went to the office of a notary and there had prepared and duly executed a deed of gift of said property to his son, in which deed his wife, the plaintiff, joined as a grantor, for which reason, of course, no mention was made of her dower interest in the property. Mr. Goodman took the deed, which was duly executed by himself and wife, to his home, placed the same in an envelope, properly labeled, said to his wife that upon his death he desired it to be delivered to his said son, and placed the same in his desk, where it remained, subject to his control during his lifetime.

The son in Cleveland knew nothing about this

transaction, and there is no claim of his having any connection whatever with it. About a year after the deed was so deposited in his desk, Mr. Goodman died very suddenly, without making any will disposing of his property, and the title to the Cleveland property descended to his son, subject to the dower interest of the plaintiff, and the day following his death the plaintiff took the deed from the desk, which was with insurance policies and other papers relating to said Cleveland property, and mailed the same to the son in Cleveland, writing to him the following letter:

"How I wish you were here to help me bear my great sorrow. Father wanted me to send this at once if anything happened to him. Said you should put it right on file. I will telegraph you when I start from here and from Chicago. We will go from the train to the cemetery. Have service so you can notify friends and relatives.

"Yours in deep sorrow, Inez.

"Will see you soon. You notify about rent so they won't send check here."

The receipt of this letter by the son, with its inclosures, was the first information he had in reference to the transaction. He accepted the deed and placed the same on record and went into possession of the property and thereafter collected the rents therefrom.

Later on there arose a controversy between plaintiff and defendant in reference to the property of Mr. Goodman in California, and plaintiff brought this action to set aside said deed and to establish her right to dower in the Cleveland property.

We find from the evidence that the plaintiff fully understood the transaction in reference to the Cleveland property, knew and understood the object and purpose of Mr. Goodman, and fully and knowingly acquiesced in carrying out his wishes. With that full knowledge and acquiescence, and with the intention of transferring the property and all of her interest therein to the son, she delivered the deed to the son and the same was accepted by him. There is nothing in the evidence to indicate that she acted upon any mistake of fact, or that she did not intend by the delivery of said deed to convey her interest in said property to said stepson.

The contention of her counsel is that, as said deed was not delivered during the lifetime of Mr. Goodman, the delivery of the same after his death was ineffectual to convey his interest in the property to his son, and that, therefore, the deed being void for want of delivery, it did not and could not operate to convey her interest in such property.

With this contention we cannot agree. We are familiar with the general rule that a release in a deed by the wife of her *inchoate* right of dower stands or falls with the instrument in which it is contained. Such release being only an incident to the conveyance, if the conveyance fails such dower reverts *eo instanti* to the wife. But we do not find that the reasons for the rule apply to the transfer of a dower interest which has become *vested*. Counsel for plaintiff admit that, if after the death of her husband Mrs. Goodman had executed and delivered a conveyance of her vested

dower to the defendant, who by inheritance was the owner of the fee, such conveyance would have been effectual to bar her of any dower in the property. After the death of her husband, and when her dower had become vested, we know of no good reason why Mrs. Goodman could not, if she desired to do so, instead of executing a new conveyance, make the one she had already executed effectual by knowingly delivering the same for the purpose of conveying her dower interest to the son.

Mrs. Goodman was a joint maker of the deed, and the deed is so worded as to convey all of her interest in the property, whether vested or inchoate; and, where there is more than one grantor, a delivery may be good as to one grantor if not as to all. *Thomson* v. *Flint & P. M. R. Co.,* 131 Mich., 95, 90 N. W., 1037; *In re Holt's Appeal,* 98 Pa., 257.

During the lifetime of Mr. Goodman and after his death the paper writing, denominated a deed, which he and his wife had executed, was of no force or effect whatever because of want of delivery during the lifetime of Mr. Goodman, and, of course, could not by delivery after his death be made effectual as a conveyance *from him.* By the very fact that it was of no effect, the dower interest of Mrs. Goodman was preserved, and by the husband's death her dower interest was changed from inchoate to vested, and became subject to disposition by her *independent* action.

Up to the time of the delivery said deed was as ineffectual to convey her interest in the property as it was to convey Mr. Goodman's; it was a mere scroll and could have been changed by the

grantors in any way they desired. *Wetherington v. Williams*, 134 N. C., 276, 46 S. E., 728, and *Meeks v. Stillwell*, 54 Ohio St., 541, 44 N. E., 267.

After the death of Mr. Goodman it remained a mere scroll; the wife as a joint grantor could then have erased the husband's name therefrom and delivered it as a deed from her alone. The fact that it was dated and executed before the husband's death is not important; the question being as to whether or not it is valid as *her* deed.

Plaintiff intended all the time to convey her interest in the property to the defendant, and, if delivered, the instrument which she had signed would accomplish her purpose. She elected to deliver it and thereby effectually carried out her intention, and the record discloses no good reason why she should not be bound thereby.

*Decree and judgment for defendant.*

PARDEE, P. J., and FUNK, J., concur.

Judges of the Ninth Appellate District, sitting in place of Judges LEVINE, SULLIVAN and VICKERY, of the Eighth Appellate District.