CASE #1 JIMMY V. MARRONE, JR. AND WIFE, ARTHUR MAE MARRONE
v. CHARLES E. LONG
— AND —
CASE #2 CHARLES FRANKLIN HELMS AND WIFE, DELANA HELMS v.
CHARLES E. LONG

No. 7020SC21

(Filed 1 April 1970)

1. Deeds § 19— restrictive covenants

Restrictive covenants cannot be established except by an instrument of record containing adequate words so unequivocally evincing the party's intention to limit the free use of the land that its ascertainment is not dependent on inference, implication or doubtful construction.

2. Deeds § 20— restrictive covenant — subdivision lots — prior recorded deed from grantor

Where the owners of a 15-acre tract conveyed to plaintiffs a lot therefrom by recorded deed which provided, "This conveyance is made subject

to the following restrictions which shall run with the land, violation of which restrictions shall be exposure to suits for damages by any and all adjoining property owners, who shall be defined as the Grantors herein or any of their subsequent Grantees who might acquire any portion of the original 15 plus acre tract," a subdivision map of the ‚15-acre tract was thereafter recorded with no restrictive covenants shown thereon, and the owners thereafter conveyed other lots, including defendant's lot, by deeds which contained no restrictive covenants, the restrictions contained in plaintiff's deed *are held* not applicable to defendant's lot, the deed to plaintiff not having expressly imposed any restrictions on the remainder of the 15-acre tract.

MORRIS, J., dissenting.

APPEAL by plaintiffs from *Crissman, J.,* August 1969 Civil Session of UNION County Superior Court.

In each of these cases, which were consolidated both for trial and upon appeal, the plaintiffs contend that defendant's property is subject to restrictive covenants which he has breached. They seek damages and an order requiring defendant to comply with the covenant.

The parties agreed for the case to be heard on the record and stipulations of counsel. The facts as so stipulated may be stated as follows: E. Boyd Aycock and wife (Aycock) owned a fifteen-acre tract of land in Union County. On 22 June 1965 Aycock conveyed a lot from this tract to the plaintiffs Jimmy V. Marrone, Jr. and wife, Arthur Mae Marrone (Marrone). Immediately following the description in the deed there appears the following:

"THIS CONVEYANCE IS MADE SUBJECT TO THE FOLLOWING RESTRICTIONS, WHICH SHALL RUN AS COVENANTS WITH THE LAND, VIOLATIONS OF WHICH RESTRICTIONS SHALL BE EXPOSURE TO SUITS FOR DAMAGES BY ANY AND ALL ADJOINING PROPERTY OWNERS, who shall be defined as the Grantors herein or any of their subsequent Grantees who might acquire any portion of the original 15 plus acre tract:

1.  Property shall be restricted to residential uses only, and no residence shall have more than one detached outbuilding.

2.  Exterior construction shall be not less than 1,500 square feet of heated living area.

3.  Exterior construction shall not have any exposed concrete, cinder or solite block.

4.  No more than one dwelling improvement shall be constructed on any one lot, as originally sold by the Grantors herein.

5.  No construction improvements shall be erected nearer

than 30 feet to an adjacent street or road right-of-way, no nearer than 8 feet to any other property line.

6. No sign of greater size than 3' x 5' shall be displayed for any purpose."

On some date which does not appear in this record a map of this 15-acre tract was recorded. The map was entitled "Map of Boulevard Park, Monroe Township, Union County, N. C., E. Boyd Aycock—Owner. Surveyed September 27, 1965." Although not so stipulated, lot No. 1 on said map appears to contain the tract previously conveyed to Marrone. The deed to Marrone made no reference to a map or to "Boulevard Park."

By deed dated 5 October 1965 Aycock conveyed four lots to the plaintiff Charles Franklin Helms and wife, Delana Helms. The description in this deed was by metes and bounds and by reference to E. Boyd Aycock's "Boulevard Park" Subdivision recorded in Plat Book 5 at page 133. There were no restrictions or reservations in this deed.

By deed dated 5 October 1965 Aycock conveyed lot No. 5 of the "Boulevard Park" Subdivision to an individual from whom it was acquired by the defendant, Charles E. Long, on 10 December 1968. There were no restrictions or reservations in either of these deeds. The defendant Long has constructed a residence on lot No. 5 which contains only 1,000 square feet of heated living area. The parties agreed that the court, without a jury, should determine the following single issue:

"Do the restrictions contained in the plaintiff Marrone's deed limit and restrict the defendant's use of his lot in Boulevard Park Subdivision?"

It was stipulated that if the restrictions did apply, they had been violated, and the question of damages would be determined by a jury upon a special issue in a subsequent trial. The court answered the issue in the negative and the plaintiffs appeal.

*Koy E. Dawkins for plaintiff appellants.*

*Coble Funderburk for defendant appellee.*

VAUGHN, J.

[2]   No restrictions appear in the direct chain of title to defendant's lot. The recorded map shows no restrictions. The deed to Marrone was executed prior to the survey of the "Boulevard Park" Sub-

division and makes no reference to such subdivision or any lot therein. The deed to Marrone is the only deed from the common grantor, Aycock, containing restrictions or making any reference thereto. The trial judge correctly concluded that the restrictions contained in the plaintiff Marrone's deed do not limit the defendant's use of his lot.

[1]    Restrictive covenants cannot be established except by a instrument of record containing adequate words so unequivocally evincing the party's intention to limit the free use of the land that its ascertainment is not dependent on inference, implication or doubtful construction. *Turner v. Glenn*, 220 N.C. 620, 18 S.E. 2d 197. If purchasers wish to acquire a right-of-way or other easement over other lands of the grantor, it is very easy to have it so declared in the deed of conveyance. *Milliken v. Denny*, 141 N.C. 224, 53 S.E. 867. "The courts are not inclined to put restrictions in deeds where the parties left them out." *Hege v. Sellers*, 241 N.C. 240, 84 S.E. 2d 892. In the last cited case the owner sold all of the lots in his subdivision except one and inserted the following restriction in each deed: "All lots contained in this property known as Wooded Acres shall be used for residential purposes only." His deed to the last lot contained no restriction. The Court held that the last lot, conveyed without restriction, was not subject to restrictions imposed in the earlier deeds.

[2]    Here, as in *Church v. Berry*, 2 N.C. App. 617, 163 S.E. 2d 664, the appellant contends that he is entitled to the relief sought by reason of the decision of a divided court in *Reed v. Elmore*, 246 N.C. 221, 90 S.E. 2d 360. The facts in *Church v. Berry, supra*, were very similar to those in the case before us and the decision there is controlling here. The opinion in that case brings forward and reviews pertinent decisions of the Supreme Court prior to its decision in *Reed v. Elmore, supra*, and very carefully distinguishes that case where the grantor conveyed one tract and, in the same instrument, expressly imposed restrictions on other real estate retained by him, from other cases, such as the one at bar, where there have been no express covenants made by the grantor as to the remainder of his property. The following analysis by Parker, J., in *Church v. Berry, supra*, is entirely appropriate for disposition of the case now before us:

". . . We do not so interpret *Reed v. Elmore, supra*. It should be noted that the majority opinion of the Court in that case cited both *Turner v. Glenn* and *Hege v. Sellers* and did not expressly overrule either. On the contrary, the Court took care to distinguish *Turner v. Glenn* by pointing out that in that case there had been no *express* covenant made by the common grantor

as to the remainder of his property, whereas in *Reed* there had been a clear *express* application of the restriction to grantor's retained lot #4. While the majority opinion in *Reed* does undoubtedly modify the prior decisions in *Turner* and in *Hege,* as we understand the *Reed* decision it goes no further than to require a purchaser of real property in North Carolina to examine all recorded 'out' conveyances made by prior record title holders during the periods when they respectively held title to the property, to determine if any such owner had *expressly* imposed a restriction upon the use of the property. If no restriction is imposed by clear and *express* language, the purchaser or his title examiner is not required to go further and to speculate at his peril as to whether imposition of some restriction is to be *implied,* either through processes of logical analysis of language employed, or from the fact that a large number of deeds containing uniform restrictions had been given, or from any combination of both.

"If the developer of a real estate subdivision actually intends that all lots therein be restricted, it is simple enough for him to say so. If one of his grantees wants to invest in a restricted lot only if all then unsold lots are similarly restricted, he has but to insist that his grantor expressly say so in the deed by which he acquires title. He has no right to rely on the shaky grounds of implication."

There being no instrument of record which expressly imposes any restrictions on defendant's lot, the decision of the trial court is

Affirmed.

MALLARD, C.J., concurs.

MORRIS, J., dissents.

MORRIS, J., dissenting:

This Court, in the majority opinion in *Church v. Berry,* 2 N.C. App. 617, 163 S.E. 2d 664 (1968), concluded that the opinion in *Reed v. Elmore,* 246 N.C. 221, 98 S.E. 2d 360 (1957), requires a purchaser of real property in this State to examine all recorded conveyances made by prior record title holders during the period of their ownership of the property for the purpose of determining whether any one of them had expressly imposed restrictions on the use of the property. With this interpretation of *Reed v. Elmore, supra,* I agree. In this case, the majority opinion affirms the trial

court because there is "no instrument of record which expressly imposes any restrictions on defendant's lot".

It appears from the record that Aycock owned a fifteen-acre tract. On 22 June 1965, Aycock conveyed a lot from this tract to Marrone. This deed contained restrictions. Subsequent deeds for lots from this fifteen-acre tract contained no restrictions. However, in my opinion, the restrictions in the Marrone deed are sufficiently, clearly and expressly stated to serve as specific notice of their application to other lots in the tract. The restrictions are set out in full in the majority opinion. The paragraph making the conveyance subject to the restrictions states that the restrictions shall run with the land and specifically refers to subsequent grantees of grantors who might acquire any portion of the original fifteen-acre tract. The first restriction limits the use to residential purposes only and provides that "no residence shall have more than one detached outbuilding." The fourth restriction provides that "no more than one dwelling shall be constructed on *any one lot, as originally sold by the Grantors herein.*" (Emphasis supplied.) The fifth restriction requires that "no construction improvements shall be erected nearer than 30 feet *to an adjacent street or road right-of-way, no nearer than 8 feet to any other property line.*" (Emphasis supplied.)

I cannot agree that the restrictions were obviously intended to apply only to the lot then being conveyed. The contrary seems more obvious to me. The deed was recorded as the first deed from Aycock and its recordation was prior to his subsequent conveyances of lots in the tract. It, therefore, constituted notice to subsequent purchasers of lots in the fifteen-acre tract. *Reed v. Elmore, supra.*

For these reasons, I am compelled to vote for reversal.