OUIDA B. NEWELL v. MARY MacKAY EDWARDS

No. 7010SC56

(Filed 6 May 1970)

**1. Deeds § 7— delivery**

    A deed becomes operative to pass title only upon its delivery.

**2. Deeds § 7; Registration § 1— delivery of deed — grantee's title — registration — continued existence of instrument**

    After delivery of a deed, as between the parties, neither registration nor the continued existence of the physical instrument is necessary to the continued existence of the grantee's title, registration being primarily for the protection of purchasers for value and creditors.

**3. Deeds § 7; Alteration of Instruments— alterations before delivery**

    Before delivery the grantor retains full power and control and may make such alterations in the instrument as he chooses.

**4. Deeds § 7; Alteration of Instruments— alterations after delivery — consent of parties — redelivery**

    After delivery a deed may be changed with the consent of the parties and may then be redelivered, in such case the new delivery constituting a re-execution; absent such re-execution, transfer of title cannot be effected

by the device of substituting the name of another person for that of the grantee who was designated in the deed.

**5. Deeds § 7— requisites of delivery**

The requisites of valid delivery of a deed are (1) an intention on the part of the grantor to give the instrument legal effect according to its purport and tenor, (2) the evidencing of such intention by some word or act disclosing that the grantor has put the instrument beyond his legal control, and (3) acquiescence by the grantee in such intention.

**6. Deeds § 7; Alteration of Instruments— change in grantee after delivery of deed — lack of consent of grantors**

In this action to set aside a recorded deed in which defendant is named grantee and to obtain judgment that plaintiff be declared owner in fee of the real property described therein, the trial court erred in entering judgment of nonsuit where plaintiff's evidence, viewed in the light most favorable to her, would justify a jury finding that there had been a completed delivery of the deed to plaintiff's husband who was originally named therein as grantee, that the first two pages of the deed were thereafter retyped to substitute the name of defendant as grantee, that the grantors did not consent to the change in grantees or re-execute the deed, that plaintiff's husband is now deceased and that she is his surviving spouse and sole devisee.

APPEAL by plaintiff from *Bone, J.,* August 1969 Civil Session of WAKE Superior Court.

This is a civil action in which plaintiff seeks to set aside a deed recorded in the Wake County Registry in which the defendant is the named grantee and to obtain judgment that plaintiff be declared owner in fee of the real property described therein. Plaintiff in her complaint alleged: Plaintiff is the surviving spouse and sole devisee under the Will of John O. Newell, deceased, whose Will was probated in Chatham County on 13 March 1969. By deed dated 21 December 1968 John O. Newell purchased a house and lot at 1308 Canterbury Road in Raleigh, N. C., from Wachovia Bank & Trust Company, Administrator of the Estate of James L. Kelton, et al. This deed was executed pursuant to a court order dated 18 December 1968 entered in a special proceeding in which it was ordered that a warranty deed be given to the purchaser, John Oliver Newell. The deed as drawn, executed, and delivered, conveyed the property to John Oliver Newell. Under the Will of John Oliver Newell plaintiff is now the owner in fee simple of said property. After the execution and delivery of the deed on 21 December 1968, and before the filing of said deed for registration in the office of the Register of Deeds of Wake County on 6 March 1969, the name of the grantee was changed to Mary MacKay Edwards. The deed as registered is not the deed of Wachovia Bank & Trust Company et al, but is a deed secured by

an unauthorized material alteration perpetrated by removing pages one and two of said deed and inserting new pages one and two which changed the name of the grantee from John Oliver Newell to Mary MacKay Edwards. This material alteration was unauthorized by the grantor and was in violation of the court order. The deed as registered constitutes a cloud on plaintiff's title.

Defendant answered, denying all allegations in the complaint except those relating to the residence of the parties.

Upon the trial plaintiff presented the testimony of J. R. Ferrell, who testified in substance as follows: He is manager of the real estate department of Washovia Bank and handles all sales of real property for the bank. He handled the sale of the real property which was in the estate of James Kelton. Mr. Kelton died and the bank, in settling his estate as Administrator and also by employment of the Kelton heirs, sold the property after private negotiation to John Oliver Newell. The bank caused a special proceeding to be brought, and the property was sold under court order.

Plaintiff introduced in evidence the petition in the special proceeding in which Wachovia Bank & Trust Company, Administrator of the Estate of James L. Kelton et al, petitioned the court to approve a sale of the subject property to John Oliver Newell for $16,-600.00. Plaintiff also introduced the order of the clerk of Superior Court of Wake County approving said sale to John Oliver Newell and directing a warranty deed to be made to John Oliver Newell.

Mr. Ferrell then testified:

"Wachovia caused a deed to be delivered to John Oliver Newell, and Wachovia Bank collected the full purchase price of $16,600.00 from John Oliver Newell at the completion of the sale. I delivered the deed personally to John Oliver Newell. John Oliver Newell is the grantee in the deed that I delivered. At the time I delivered the deed, John Oliver Newell requested that I have my secretary to draw him two new sheets in which he would change or delete his name and enter the name of Mary MacKay Edwards. This was done, and I gave him the two extra sheets. The bank did not insert the sheets bearing the name of Mary MacKay Edwards and he was advised against it.

". . . Mr. Newell requested that I allow my secretary to type two new pages for him for this deed, and I allowed her to do this. I told Mr. Newell at the time that since this deed had been signed by a number of people that I thought changing it might have some bearing on the legality of it, and I would ad-

vise him not to insert the new pages. He said he was not going to have the deed recorded then. He proceeded to insert the pages.

". . . I called Mr. Newell a few days later on the phone and insisted that he not insert these pages. Mr. Newell informed me that he didn't intend to record the deed at that time, but intended to have his attorney have the court order changed to enable him to deed this to Mary MacKay Edwards. Not knowing the legality of this, I let it go at that, but told him that even so, until he did, I felt he should not record the deed as it was. He said he was going to keep it in his lock box until some future date. I did not ever deliver a deed to John Oliver Newell in which Mary MacKay Edwards was a grantee.

\*   \*   \*   \*   \*

"Mr. Newell made the changes in the deed in the bank as soon as I delivered it to him or shortly thereafter. It was in my presence and against my advice. Final payment was made at the closing date on February 17, 1969. We delivered the deed and accepted payment on that date."

Plaintiff testified in substance as follows: She is the widow of John Oliver Newell, who died on 3 March 1969. At the time of his death her husband was living at 1308 Canterbury Road in Raleigh. On the day after his death she went there to get clothes for the funeral. In searching for clothes she ran across the deed, and the deed at that time was made out to John Oliver Newell. She left the deed at the house. It was recorded on 6 March 1969 in the name of Mary MacKay Edwards.

Plaintiff introduced in evidence the deed recorded in the Wake County Registry. This deed was dated 21 December 1968, and was by Wachovia Bank & Trust Company, Sarah Kelton Brown, John Ellis Kelton and wife, Beverly P. Kelton, Harold V. Kelton and wife, Darlene Marie Kelton, Roxilu K. Bohrer, June Kelton Courington and husband, Morris L. Courington, Martha K. McCutcheon and husband, James O. McCutcheon, Jr., to Mary MacKay Edwards, and purported to convey the property in question, known as 1308 Canterbury Road, Raleigh, North Carolina.

Plaintiff also introduced in evidence a certified copy of the Will of John O. Newell and the probate proceedings related thereto in Chatham County. The Will was dated 1 February 1969, was probated on 13 March 1969, and named plaintiff as beneficiary.

At the close of plaintiff's evidence, the court entered judgment sustaining defendant's motion for nonsuit. Plaintiff appealed.

*Basil L. Sherrill for plaintiff appellant.*

*Hubert H. Senter for defendant appellee.*

PARKER, J.

[1, 2]  A deed becomes operative to pass title only upon its de-
livery. *Vinson v. Smith,* 259 N.C. 95, 130 S.E. 2d 45. "A deed must
always be consummated by delivery, which is the final act of execu-
tion, and this delivery must be either actually or constructively made
by the grantor to the grantee." *Perry v. Hackney,* 142 N.C. 368, 55
S.E. 289. After delivery, as between the parties, registration or even
the continued existence of the physical instrument is not necessary
to the continued existence of the grantee's title. 23 Am. Jur. 2d,
Deeds, § 310, p. 342. "The registration of deeds is primarily for the
protection of purchasers for value and creditors; an unregistered
deed is good as between the parties and the fact that it is not reg-
istered does not affect the equities between the parties." *Bowden v.
Bowden,* 264 N.C. 296, 141 S.E. 2d 621. Moreover, as between the
parties, even after registration "[t]he ultimate inquiry is not what
the records show, but what the terms of the original deed are."
*Bowden v. Bowden, supra.*

[3, 4]  Before delivery the grantor retains full power and control
and may make such alterations in the instrument as he chooses, for
it does not become his deed until delivered. *Wetherington v. Williams,*
134 N.C. 276, 46 S.E. 728. After delivery a deed may be changed
with the consent of the parties and may then be redelivered, in such
case the new delivery constituting a re-execution. *Krechel v. Mercer,*
262 N.C. 243, 136 S.E. 2d 608. Absent such re-execution, however,
transfer of title cannot be effected by the device of substituting the
name of another person for that of the grantee who was designated
in the deed. *Perry v. Hackney, supra.* In that case Walker, J., speak-
ing for the Court, said:

> "The first question raised is the sufficiency of the deed of
> Hannah Jane Richardson to pass title to the *feme* plaintiff. The
> deed was originally made to John W. Perry, his name was erased
> and that of his wife inserted in its place, and, as thus altered, it
> was registered. The deed, therefore, which was made to John
> W. Perry, has never been registered, and the deed which was
> registered was not the one made by Hannah Jane Richardson.
> A deed presupposes contract, and, indeed, is itself an executed
> contract, passing the equitable title after delivery and before
> registration, the latter taking the place of the livery of seizin
> to the grantee, and after registration the seizin or legal estate

also passes. *Davis v. Inscoe,* 84 N.C. 396; *Hare v. Jernigan,* 76 N.C. 471; *Respass v. Jones,* 102 N.C. 5. The deed before registration may be redelivered or surrendered, as the cases we have already cited show, and a deed made by the grantor to a new grantee, at the request of the first grantee, if there is no fraud or other vice in the transaction. But that is not our case. A contract requires the assent of two minds to one and the same thing, and so, as to a deed, says Blackstone, for it is essential to its validity that there should be parties able and willing to contract and be contracted with for the purposes intended by the deed and a thing or subject-matter to be contracted for, all of which must be expressed by the parties in their deed. It therefore follows that there must be a grantor, a grantee and a thing granted, and in every lease, a lessor, a lessee and a thing demised. 2 Blk., 295-7. Consent, which is the vital element of every contract, is wanting here. Hannah J. Richardson never agreed to be bound by a conveyance to the person whose name was inserted in the deed after its execution by her. She had an undoubted right to determine, by the exercise of her contractual right of selection, to whom she would convey the land."

[5] "The requisites of valid delivery of a deed are (1) an intention on the part of the grantor to give the instrument legal effect according to its purport and tenor; (2) the evidencing of such intention by some word or act disclosing that the grantor has put the instrument beyond his legal control; and (3) acquiescence by the grantee in such intention." 3 N.C. Index 2d, Deeds, § 7, p. 248.

[6] In the light of these principles the judgment of nonsuit in the present case must be held error. Plaintiff's evidence, viewed in the light most favorable to her, would justify a jury finding that there had been a completed delivery of the deed to the grantee originally named, that thereafter the first two pages were retyped to substitute the name of a different grantee, and that the grantors never consented to the change. Plaintiff's witness Ferrell, who represented the grantors at the closing, testified that he collected the full purchase price from John Oliver Newell and personally delivered to Mr. Newell the deed which named him as grantee. The deed was executed by the bank as Administrator of the estate of the deceased former owner. In so doing the bank acted under authority of an order of court entered in a special proceeding. The deed was also executed by eleven individual grantors, who presumably were the heirs at law of the former owner. Even if we ignore the questions presented whether the bank as Administrator had authority to deliver any deed other

than as directed in the court order, or whether the bank as agent of the individual owners had authority to give their consent to a change in the grantee, the jury would have been justified in finding from plaintiff's evidence that no consent had in fact been given. Ferrell testified that the changes in the deed were made against his advice.

Plaintiff testified that when she saw the deed on the day following her husband's death, his name still appeared as grantee. This would indicate that the change in the grantee's name was never accomplished during her husband's lifetime. While there seems to be a discrepancy between plaintiff's testimony and the testimony of her witness, Ferrell, who testified that Mr. Newell made the changes "as soon as I delivered the deed to him or shortly thereafter," under either version the jury could find that there had never been any consent to the change and no valid re-execution of the deed by the grantors. In any event, discrepancies in the evidence were ultimately for the jury to resolve. For purposes of ruling on defendant's motion for nonsuit, the court must resolve all discrepancies in plaintiff's favor.

The judgment of nonsuit is

Reversed.

CAMPBELL and HEDRICK, JJ., concur.