**HAIR v. HALES**

[95 N.C. App. 431 (1989)]

EUGENE HAIR, JEAN G. HAIR, J. DAVID GUNTHER, ROGER HOLMES, WILMA SEWELL, RUDOLPH BYRD AND KAY BYRD, PLAINTIFFS v. JAMES ROBERT HALES AND WIFE, GLENDA G. HALES, DEFENDANTS

No. 8812DC1272

(Filed 5 September 1989)

1. **Deeds § 20.6— restrictive covenants—filed one minute before deed—not enforceable against purchaser**

    Summary judgment was properly granted for defendants in an action to enforce restrictive covenants allowing mobile homes only during construction of a permanent dwelling and for no longer than one year where defendants contracted with plaintiffs to purchase two lots on May 30, 1986; closing took place on May 30, 1986; the deed of conveyance was recorded on June 4, 1986; the deed conveying the property to defendants contained no express exception for restrictive covenants; and plaintiffs recorded restrictive covenants one minute prior to the deed's recordation. If the restrictive covenant is contained in a separate instrument or rests in parol and not in a deed in the chain of title and is not referred to in such deed, a purchaser has no constructive notice of it and is not bound.

2. **Frauds, Statute of § 3— sale of real property—restrictive covenants—statute of frauds raised as defense**

    Defendants in an action to enforce restrictive covenants properly raised the statute of frauds as a defense by specifically alleging in their answer that the restrictive covenants were not on record at the time of the conveyance to the defendants and successfully arguing that defense in the hearing on a motion for summary judgment.

APPEAL by plaintiffs from *Pate (Warren L.), Judge*. Order entered 27 June 1988 in District Court, CUMBERLAND County. Heard in the Court of Appeals 21 August 1989.

Prior to May 30, 1986 defendants orally contracted with plaintiffs to purchase lots 6 and 7 in a residential subdivision known as the Eugene Hair Property located in Cumberland County, North Carolina for a purchase price of $36,000.00. Closing took place on May 30, 1986, and at that time the defendants tendered $3,000.00 cash and executed a purchase money note and deed of trust for $30,000.00 and agreed to pay the $3,000.00 balance in cash within

12 months of closing. The deed of conveyance was recorded on June 4, 1986. The deed conveying the property to defendants contained no express exception for restrictive covenants. One minute prior to this deed's recordation, plaintiffs recorded restrictive covenants designed to govern the use of all of the lots in the Eugene Hair subdivision. Restrictive covenant #5 provides that "mobile homes will be permitted only during construction of a permanent dwelling and in such event for no more than one year." Defendants have erected a double-wide mobile home on their property and have maintained this dwelling in excess of the one-year restrictive covenant.

On January 21, 1988 plaintiffs filed suit against defendants to enforce covenant #5 and enjoin defendants from continuing to maintain their mobile home on the property. In their answer and counterclaim, defendants denied that they were properly notified of the existence of the restrictive covenants and by means of their "Second Counterclaim," alleged that the restrictive covenants constituted a cloud on their title. On May 26, 1988, plaintiffs moved for summary judgment as to all claims and counterclaims. The defendants responded and cross-moved for summary judgment on all matters. After a hearing on June 16, 1988, District Court Judge Warren L. Pate entered an order granting defendants' motion as to the plaintiffs' claims against them. In addition, summary judgment was granted in favor of defendants with regard to their second counterclaim. At the same time, summary judgment in favor of the plaintiffs was granted as to the defendants' first and third counterclaims. Plaintiffs appeal and we affirm.

*Beaver, Thompson, Holt and Richardson, by Jack A. Thompson, for plaintiff-appellants.*

*Rose, Rand, Ray, Winfrey & Gregory, P.A., by Steven J. O'Connor, for defendant-appellees.*

LEWIS, Judge.

[1] The entry of summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). The burden of establishing the absence of any issues as to a material fact rests on the moving party. *Kidd v. Early*, 289 N.C. 343, 222

## HAIR v. HALES

[95 N.C. App. 431 (1989)]

S.E.2d 392 (1976). An issue of fact is "material" for purposes of determining whether a motion for summary judgment should be denied, "if the facts as alleged would constitute a legal defense or would affect the result of the action or would prevent the party against whom it is resolved from prevailing in the action." *Isbey v. Crews*, 55 N.C. App. 47, 49, 284 S.E.2d 534, 536 (1981). Summary judgment should be looked upon with favor where no genuine issue of material fact is presented. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971).

We find no issue of material fact in this case. The long standing rule in North Carolina is that restrictive covenants are an interest in land, conveyance of which is within the Statute of Frauds. *Turner v. Glenn*, 220 N.C. 620, 18 S.E.2d 197 (1942). Restrictive covenants restrain the owner of the servient estate from making certain use of his property. Such restraint may not be effectively imposed except by deed or other writing duly registered. *Davis v. Robinson*, 189 N.C. 589, 127 S.E.2d 697 (1925). If the restrictive covenant is contained in a separate instrument or rests in parol and not in a deed in the chain of title and is not referred to in such deed, a purchaser has no constructive notice of it and is not bound. *Turner v. Glenn, supra* at 625. North Carolina has consistently held that registration is the one and only means of giving notice of an instrument affecting title to real estate. *Massachusetts Bonding and Insurance Co. v. Knox*, 220 N.C. 725, 18 S.E.2d 436 (1942); *Bruton v. Smith*, 225 N.C. 584, 36 S.E.2d 9 (1945); *St. Luke's Episcopal Church v. Berry*, 2 N.C. App. 617, 163 S.E.2d 664 (1968). A purchaser of real property "is not required to take notice of and examine recorded collateral instruments and documents which are not muniments of his title and are not referred to by the instruments in his chain of title." *Morehead v. Harris*, 262 N.C. 330, 340, 137 S.E.2d 174, 184 (1964).

In the instant case, defendants' deed made no reference to any restrictive covenants on the property. Furthermore, no other deeds in defendants' chain of title, nor other registered instruments referenced any restrictions on the property.

Plaintiffs contend that the recordation of these restrictive covenants on June 4, 1986 acted as constructive notice to defendants because the covenants were recorded just prior to the recordation of defendants' deed of conveyance. However, as between the grantor and the grantee, registration is not required to pass title

to land. A deed becomes operative to pass title upon its delivery. *Newell v. Edwards*, 7 N.C. App. 650, 173 S.E.2d 504 (1970). Moreover, as between the parties, even after registration "[t]he ultimate inquiry is not what the records show but what the terms of the original deed are." *Bowden v. Bowden*, 264 N.C. 296, 302, 141 S.E.2d 621, 627 (1965).

The uncontradicted evidence in this case shows that the deed was executed, acknowledged and dated May 30, 1986, was not in the possession of the plaintiff-grantors after May 30, 1986 and that the recording fees were paid on May 30, 1986 by the grantees. The date on the deed is *prima facie* evidence of the date of delivery. *Williams v. North Carolina State Board of Education*, 284 N.C. 588, 201 S.E.2d 889 (1974). The plaintiffs put on no evidence to contradict the date on the face of the deed showing delivery on May 30, 1986. Legal title passed to the defendants prior to the June 4, 1986 recordation of the restrictive covenants. Therefore, defendants purchased the property without notice of the existence of any covenants burdening their title.

Summary judgment was proper, and accordingly, we affirm.

[2] Plaintiffs' contention that the defendants failed to plead the Statute of Frauds is without merit. Defendants, in the "Third Defense" contained in their answer, specifically alleged that the restrictive covenants were not on record at the time of the conveyance to the defendants. As explained above, in order for the restrictive covenants to be binding upon purchasers of the servient estate, the covenants must be registered or recorded in a deed or instrument in the grantor's chain of title in order to comply with the Statute of Frauds. Defendants not only pleaded this defense in their answer, but argued this defense successfully in the hearing on motion for summary judgment.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.