GEORGE IRWIN and wife, SUE IRWIN, ROBERT C. JAMEISON, HARVEY ACHZIGER and wife, MARY LOU ACHZIGER, TERRY TOMLINSON and wife, MARY TOMLINSON, FRED EASTWOOD and wife, CATHERINE EASTWOOD, FRANK RHODES and wife, SYLVIA RHODES, PAUL CREIGHTON, IRMA CREIGHTON, EDITH H. WILLIAMS, FAYE McGEE, ROBERT HAYES and wife, MARIE HAYES, MICHAEL FRENCH and wife, ITZEL FRENCH, ARTHUR L. BOOMER and wife, ALICE J. BOOMER, CHARLES PICKELL and wife, GERALDINE PICKELL, Plaintiffs,
v.
EDWARD J. SUTTON and wife, JEAN SUTTON, WILLIAM L. SUTTON and wife, IRENE C. SUTTON, and HAYWOOD ELECTRIC MEMBERSHIP CORPORATION, Defendants.
No. COA09-68
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Patrick U. Smathers and Jonathan J. Song, for plaintiffs-appellants.
Brown, Ward and Haynes, P.A., by Frank G. Queen, for defendant-appellee.
TEELMAN, Judge.
Schedules containing restrictions contained in deeds for individual lots do not create a uniform plan of development where the schedules reference the lots and not the subdivision, and are not contained in all of the deeds for the subdivision. The restrictions contained in the schedules do not purport to restrict the use of the property for residential purposes as asserted by plaintiffs.

I. Factual and Procedural Background
Plaintiffs are owners of lots in the SoCo Acres subdivision located in Haywood County, North Carolina. In the 1980s, the Suttons subdivided a tract of land into SoCo Acres subdivision, a plat of the subdivision is recorded in Map Cabinet B, Slot 373-J of the Haywood County Registry.
The Suttons never recorded a general set of covenants or restrictions. However, they attached to the deeds for a majority of the lots in the subdivision a schedule containing restrictions applicable to the lot conveyed. The restrictions contained in the schedule state:
1. Any residential structure constructed on the property shall contain at least eight hundred (800) square feet.
2. Mobile homes or trailers shall not be permitted on the property with the exception of a double wide mobile home provided however that the front of said double wide mobile home shall be finished so that it appears to be a permanent residence.
3. The Grantor herein reserves a right of way over and across the property described in the deed attached hereto for the purpose of installing and maintaining power and telephone lines and also reserve to the Grantor, its successors and assigns, the right to use any water from springs located upon said property.
4. In the event a driveway is placed upon the property described in the deed attached hereto, it shall be necessary to install a culvert at the edge of the road fronting the property and the said front of the property shall be placed in its original condition.
5. The Grantees, their successors and assigns, shall pay to the Grantor or its designated agent the sum of One Hundred ($100.00) per year for the maintenance of the roads servicing the property described herein and all other property serviced by said roads.
6. The Grantees, their heirs and assigns, shall permit adjacent property owners to top or cut limbs from trees on the property described herein for the purpose of obtaining a view for such adjacent property; however, that said cutting shall in no way damage the property described in the deed attached hereto.
7. The Grantors, their heirs and assigns, hereby reserve a right of way over and across the road as shown on the map referred to in the deed attached hereto.
The Suttons conveyed four of the lots in SoCo Acres without attaching a schedule of restrictions. One of these lots (Lot 1) was conveyed on 21 February 2007, to Haywood Electric Membership Corporation (defendant). Lot 1 was purchased for the purpose of constructing and operating an electric power substation.
On 26 October 2007, plaintiffs filed a complaint against defendants asserting that the use of Lot 1 for an electric substation was inconsistent with the intent, scheme, and plan of the Suttons that SoCo Acres be a residential subdivision with no commercial, industrial, or agricultural use. The complaint asserts nine claims for relief: (1) declaratory judgment; (2) unfair and deceptive trade practices; (3) permanent injunction; (4) civil conspiracy; (5) appurtenant easement; (6) equitable estoppel; (7) breach of express and implied contract; (8) fraud; and (9) nuisance.
On 23 January 2008, plaintiff William Sanders voluntarily dismissed his claims against defendants, without prejudice. On 3 April 2008, the trial court granted defendants' motion pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure, dismissing plaintiffs' claims for civil conspiracy and fraud. On 30 September 2008, the trial court granted defendants' motion for summary judgment, dismissing plaintiffs' action.
Plaintiffs appeal. On 1 May 2009, this Court granted plaintiffs' motion to dismiss their appeal as to defendants Edward J. Sutton, Jean Sutton, William L. Sutton, and Irene C. Sutton.

II. Standard of Review
The entry of a motion for summary judgment is appropriate if no genuine issue as to any material fact exists, and one of the parties is entitled to judgment as a matter of law. Coastal Plains Utils., Inc. v. New Hanover Cty., 166 N.C. App. 333, 340, 601 S.E.2d 915, 920 (2004). This Court's review of an order granting summary judgment is de novo. Rakestraw v. Town of Knightdale, 188 N.C. App. 129, 131, 654 S.E.2d 825, 827, disc. review denied, 362 N.C. 237, 659 S.E.2d 739 (2008).

III. No Implied Restriction
In their only argument, plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment. We disagree.
Restrictive covenants restrain an owner from making a particular use of his property. Hair v. Hales, 95 N.C. App. 431, 433, 382 S.E.2d 796, 797 (1989). Such restraint cannot be established except by deed or other writing duly filed in the office of the Register of Deeds. Id.; Marrone v. Long and Helms v. Long, 7 N.C. App. 451, 454, 173 S.E.2d 21, 23, aff'd, 277 N.C. 246, 176 S.E.2d 762 (1970); see also N.C. Gen. Stat. § 47-18 (2007). A purchaser of real property is required "to examine all recorded `out' conveyances made by prior record title holders during the periods when they respectively held title to the property, to determine if any such owner had expressly imposed a restriction upon the use of the property." Church v. Berry, 2 N.C. App. 617, 624, 163 S.E.2d 664, 669 (1968) (citing Reed v. Elmore, 246 N.C. 221, 230, 98 S.E.2d 360, 366-67 (1957)).
The evidence before the trial court at the summary judgment hearing showed that no set of restrictions applicable to SoCo Acres subdivision was ever filed. The plat of SoCo Acres was devoid of any reference to any restrictions. The only restrictions were the schedules attached to the deeds for a majority of the lots. This schedule does not evince an intent that the restrictions were applicable to the entire subdivision but rather references the specific conveyance to which it was attached. The conveyances for four lots: 1, 20, 21, and 22 contain no restrictions. Lot 1 was the lot conveyed to defendant.
"The law looks with disfavor upon covenants restricting the free use of land." Cummings v. Dosam, Inc., 273 N.C. 28, 32, 159 S.E.2d 513, 517 (1968) (citing Hege v. Sellers, 241 N.C. 240, 249, 84 S.E.2d 892, 898 (1954)). Therefore, a deed or other recorded writing can only impose a restriction on real property through clear and express language. See Church, 2 N.C. App. at 624, 163 S.E.2d at 669. Restrictions applicable to a tract of land divided into lots may constitute a uniform plan of development. Sedberry v. Parsons, 232 N.C. 707, 711, 62 S.E.2d 88, 91 (1950). The primary test is whether "substantially common restrictions apply to all lots of like character or similarly situated." Id.
Plaintiffs argue the schedules imposed a uniform plan of development restricting the use of every lot in SoCo Acres. However, the schedules only reference and restrict the specific lots conveyed by the deeds to which the schedules were attached. The schedules do not expressly restrict SoCo Acres as a subdivision. The conveyances for four lots, including Lot 1, contain no restrictions; thus, SoCo Acres is not subject to a uniform plan of development.
Furthermore, the restrictions contained in the schedules cannot be implied to the unrestricted lots within SoCo Acres. Clear and express language is required to limit the free use of real property and a restriction's "ascertainment is not dependent on inference, implication or doubtful construction." Turner v. Glenn, 220 N.C. 620, 625, 18 S.E.2d 197, 201 (1942).
Plaintiffs next argue that the Suttons' intent to develop SoCo Acres as a residential community created a residential-only restricted subdivision. To support their assertion, plaintiffs rely upon the oral testimony of Jean Sutton.
Restrictions are deemed interests in land within the Statute of Frauds and cannot be established by parol evidence. Davis v. Robinson, 189 N.C. 589, 600, 127 S.E. 697, 703 (1925). An enforceable restriction must be included in a deed or other registered writing, which is recorded in the county where the land lies. N.C. Gen. Stat. § 47-18 (2007); Hair, 95 N.C. App. at 433, 382 S.E.2d at 797 (citing Davis, 189 N.C. at 601, 127 S.E. at 703). Without a recorded instrument constituting a link in the chain of title, a purchaser of land for value is not charged with constructive notice of the limitation, and the restriction is not enforceable. Harborgate Prop. Owners Ass'n v. Mountain Lake Shores Dev. Corp., 145 N.C. App. 290, 293-94, 551 S.E.2d 207, 210 (2001), disc. review denied, 356 N.C. 301, 570 S.E.2d 506-07 (2002). Plaintiffs cannot establish SoCo Acres as a restricted residential subdivision based on oral testimony expressing the intent to develop a residential community.
Even assuming arguendo that the schedules created a uniform plan of development for SoCo Acres, the restrictions do not create a restricted residential subdivision as plaintiffs assert.
The restrictions do not restrict the use of the property to residential purposes but rather state that "[a]ny residential structure constructed on the property shall contain at least eight hundred (800) square feet." The law requires clarity and specificity for restriction in real estate. See Church, 2 N.C. App. at 624, 163 S.E.2d at 669; see also Worrell v. Royal, 1 N.C. App. 489, 493, 162 S.E.2d 42, 45 (1968).
AFFIRMED.
Judges HUNTER, Robert C. and GEER concur.
Report per Rule 30(e).